In the Matter of John M. Murtagh, as Chief City Magistrate of the City of New York, Petitioner, against Anthony E. Maglio, as City Magistrate, Respondent.

Second Department, January 29, 1960.

*Charles H. Tenney, Corporation Counsel (Milton Mollen* and *James J. Hurley* of counsel), for petitioner.

*William W. Kleinman* for respondent.

*Per Curiam.* The Legislature has conferred upon this court the power to remove from office "for cause" a City Magistrate residing in this judicial department (N. Y. City Crim. Cts. Act, § 162; N. Y. Const., art. VI, § 17). Pursuant to that statute, the Chief City Magistrate of the City of New York filed charges with this court alleging that respondent had been guilty of misconduct in office, and this court, upon petitioner's recommendation, directed that respondent refrain from exercising his office pending disposition of the charges made against him.

Thereafter, respondent having denied the allegations of the charges, the issues were referred for hearing and report to the Honorable JOHN MACCRATE, as Referee. The learned Referee, after extensive hearings, has submitted a report containing his findings of fact, his conclusion that cause to warrant respondent's removal has not been established, and his recommendation that respondent be censured for certain of his acts.

Petitioner now moves to confirm the Referee's report *in toto*, including the Referee's findings of fact, his conclusion and his recommendation of censure. In the affidavit in opposition to that motion respondent asks that the report be confirmed in all respects except as to the recommended censure.

Petitioner's complaint as to respondent's misconduct resulted from respondent's disposition of two criminal cases when the defendants appeared for arraignment before him while he was presiding in the Felony Court of the City Magistrate's Court in

the Borough of Brooklyn, and his treatment of Police Officer Mingo, a complaining witness, on the occasion of the arraignment.

In one of the cases it was charged that four individuals named Mirabile, Chinnici, Cappello and Bisogno, on October 26, 1959, possessed a firearm which might be concealed upon the person, in violation of section 1897 of the Penal Law, and that Mirabile and Chinnici had been previously convicted, thus rendering their possession a felony. In the other case, Mingo charged that said Mirabile and Cappello, on October 25, 1959, violently and feloniously assaulted him with a steel bar, striking him about the head and hand, causing lacerations requiring nine sutures.

On October 27, 1959 upon the simultaneous arraignment of the four defendants on the one charge and upon the arraignment of two of them (Mirabile and Cappello) on the other charge, respondent, after an informal hearing but without taking any testimony under oath, reduced both charges to misdemeanors, held the defendants for the Court of Special Sessions and released them on parole with the admonition that if any of them failed to appear he would be guilty of the further charge of " parole jumping " (see N. Y. City Crim. Cts. Act, § 103; Penal Law, § 1694-b).

Particularizing his charges against respondent, petitioner filed eight separate specifications, labeled 1a, 1b, 1c, 1d, 2a(1), 2a(2), 2a(3) and 2a(4).

These specifications allege that respondent: (1) disposed of an arraignment without seeking adequate counsel from the Assistant District Attorney (specification 1a), (2) without consulting the Assistant District Attorney and without conducting a hearing as to the facts, on his own motion reduced the two criminal charges (specification 1b), (3) without seeking to obtain the customary information to enable him to ascertain the likelihood of defendants' subsequent appearance, resolved the issue of whether to require the defendants to post bail or to parole them (specification 1c), (4) incident to the question of bail, gave no consideration to the previous criminal record of certain of the defendants and to the fact that they were on probation (specification 1d), (5), (6), (7), and (8) without justification was discourteous and abusive to the complaining witness, officer Mingo, in that he (respondent) ignored the fact that Mingo had recently suffered injuries while performing official duty (specification 2a[1]), in that he belittled the extent of such officer's injuries (specification 2a[2]), in that he " curtly refused " to explain his action in reducing the charges when requested so to do by Mingo (specification 2a[3]), and in that after he had

proceeded with another case, and as Mingo was leaving the courtroom, respondent without justification directed Mingo to return and proceeded to berate him for his attitude (specification 2a[4]). It was also charged that respondent's conduct was arbitrary and oppressive and that, for the reasons stated, the arraignment was conducted in a manner inconsistent with the fair and proper administration of justice.

None of the specifications alleged that respondent acted corruptly or with corrupt motives. Indeed, in answer to a specific question by the Referee, petitioner's counsel frankly disavowed any such claim. The Referee also has made a finding that respondent " did not act corruptly ".

The Referee found that none of the specifications was established, except (a) specification 1b, to the extent that respondent, without holding a formal hearing or taking testimony under oath, on his own motion, reduced the felony gun charge to a misdemeanor as against all the defendants, and on motion of the attorney for the defendants reduced the felony assault charge to a misdemeanor, (b) specification 2a(3) which alleges that respondent curtly refused to explain his action in reducing the assault charge when requested so to do by Mingo, and (c) specification 2a(4) to the extent that after Mingo had returned at respondent's request, respondent berated him for his attitude.

In the respects above stated as to specifications 2a(3) and 2a(4), and to that extent only, the Referee found that respondent's conduct was inconsistent with the fair administration of justice.

In the charge that respondent had improperly paroled the defendants it was not alleged that he had acted in violation of law or in excess of his lawful authority, and the record establishes that, except with respect to the defendant Chinnici, he did not so act. Respondent had authority to admit the other defendants to bail and, consequently, also had discretionary power to parole them if reasonably satisfied that they would appear when wanted (N. Y. City Crim. Cts. Act, § 103). The Assistant District Attorney had no objection to a parole, at least on the charge of violating section 1897 of the Penal Law if the offense was bailable. Respondent had no power insofar as the record discloses to admit the defendant Chinnici to bail or to parole him for his future appearance, since apparently Chinnici had been previously convicted of a felony (N. Y. City Crim. Cts. Act, § 103). However, information submitted to respondent indicated that the charge made against Chinnici and Mirabile, which resulted in the previous conviction, had been

reduced, as against Mirabile, to a misdemeanor accusation, and respondent proceeded to act in Chinnici's case under the belief that Chinnici's previous conviction was also for a misdemeanor instead of a felony. The Referee has found, and petitioner does not contend to the contrary, that although respondent could have made a more detailed inquiry than that shown by the record, his mistake with respect to Chinnici's previous criminal record was honestly made, and respondent, in paroling the defendants did so in the honest belief that they would appear when required, taking into account the information he had received as to their employment and residence, the fact that they were represented by counsel, and that the Assistant District Attorney had stated that he had no objection to parole on the charge of violation of section 1897 of the Penal Law. We are in accord with his conclusion.

The Referee has also found, however, that respondent, on his own motion, reduced to a misdemeanor accusation the charge that the defendants had committed a felony by violating section 1897 of the Penal Law and on motion of the attorney for the defendants Mirabile and Cappello reduced to a misdemeanor accusation the charge that said defendants had committed a felonious assault on Mingo, without taking testimony under oath with respect to either charge.

The reason why the charge of violating section 1897 was reduced is apparent from the record. Respondent had ascertained, on informal inquiry, that all four defendants had been arrested for possession of a sawed-off rifle which had been fired by one of them. The arresting officer was unable to identify the defendant who had fired the rifle, and it fairly appeared that it would be most difficult, if not impossible, to establish the commission of a felony by the possession of the rifle, against any defendant. It is not contended that if respondent had the power to reduce this charge, without the taking of testimony, his action in so reducing it was unreasonable. With respect to the reduction of the charge of felonious assault, however, the situation was quite different. Respondent had before him Mingo's sworn complaint that Mirabile and Cappello had assaulted him with a steel bar, striking him about the head and hand, causing lacerations which required nine sutures. This complaint sufficiently alleged the commission of an assault in the second degree (Penal Law, § 242), and it is difficult to understand why respondent purported to reduce the charge after a cursory and informal inquiry into the facts which disclosed nothing indicating that a felonious assault had not been committed by these defendants. No statute gave respond-

ent such power, and it was his duty, under the applicable statutes, and in the absence of a recommendation or consent by the Assistant District Attorney (cf. *Matter of McDonald* v. *Sobel,* 272 App. Div. 455), to examine into the facts so as to determine whether there was sufficient cause to believe the defendants guilty of the felony charged against them, or other charge, and to warrant holding them to answer (N. Y. City Crim. Cts. Act, § 147). The duty to examine into the facts requires a judicial inquiry on which a determination must be made on the examination of witnesses under oath. If after hearing the proofs it appears that a crime has not been committed, or that there is no sufficient ground to believe the defendant guilty thereof, the defendant is entitled to be discharged. If, however, it appears that a crime has been committed and there is sufficient cause to believe the defendant guilty thereof, he must be held to answer (see Code Crim. Pro., §§ 188–221-b). The action taken by respondent in the reduction of the felony charges pending before him, without the recommendation or consent of the Assistant District Attorney, and without the hearing of proof, was without warrant in law. Even if it be assumed that respondent's action was taken, as was contended, in accordance with a common practice in the City Magistrates' Courts to reduce felony charges to accusations of misdemeanor on the basis of informal inquiry, and that respondent had such power, his determination in the instant case may not be justified, for with respect to the charge against Mirabile and Cappello that they had committed a felonious assault on Mingo, nothing appeared in the record which would sustain such an exercise of discretion. The learned Referee has found, however, that although respondent was aware of the provisions of the statutes with respect to the examination required to be conducted, he acted in the belief that he could reduce the charges, after an evaluation of the evidence upon an informal inquiry, in accordance with common practice, and that, although he was mistaken, he did not act from corrupt motives, and that there was no proof that what was done was done as a matter of favor, or by way of willful refusal to comply with the law. Petitioner, by moving to confirm, has indicated agreement with this conclusion. The Referee has also found, however, that respondent's conduct in berating Mingo, under the circumstances disclosed, was inconsistent with the fair administration of justice. He has concluded that although respondent's conduct deserves and warrants censure, it does not warrant removal. We accept that conclusion. Neither the Constitution nor the statutes enacted thereunder prescribe what constitutes the " cause " which justi-

fies the removal of a City Magistrate. It has been consistently held, however, that neither error of judgment, nor error in the decision of particular cases, nor mistakes in the construction of statutes, nor mistakes in the determination of the extent or limitation of his powers, without further proof of unworthy or illegal motives, will sustain such action. (See *Matter of Droege,* 129 App. Div. 866, 882, appeal dismissed 197 N. Y. 44.) Consequently, in view of the findings by the learned Referee with respect to the charges that respondent improperly reduced felony charges against defendants to misdemeanor accusations, we agree that removal would not be justified. Neither would any affirmative action on our part be appropriate, if it were not for the fact that the reduction of the charges was accompanied by conduct on respondent's part which the Referee found to have been inconsistent with the fair administration of justice. That finding requires the conclusion that such conduct warrants the censure which the Referee has recommended. There is no statute or rule which required respondent to explain his ruling, and we are not unmindful of his duty to preserve order in his courtroom and to require a proper respect for the court's rulings. The record does not indicate, however, that the police officer's request for enlightenment as to why the charge which he had made had been reduced, was unreasonable or that his conduct was insolent or contemptuous, and the Referee has found that respondent's action in berating Mingo after his request for enlightenment had been curtly refused, violated respondent's duty of courtesy and civility to those appearing in his court, in the course of the administration of justice. In our opinion, petitioner was warranted in bringing the charges which he made against respondent and requiring an answer thereto and a determination thereof after a hearing.

The motion to confirm the Referee's report, including the recommendation of censure, should be granted; respondent should be censured accordingly, and the temporary suspension of the exercise of his office should be terminated.

KLEINFELD, J. (dissenting). I agree that the factual findings of the learned Referee should be confirmed and that the temporary suspension of the exercise of respondent's office should be terminated. I disagree, however, with the recommendation that respondent be censured. The record before us does not warrant censure. To subject a judicial officer of the City of New York to censure, under circumstances such as appear in this record, would in my opinion serve to impede the due and efficient administration of justice.

522

The motion to confirm the Referee's report should be granted in all respects except as to the recommended censure of respondent, and the temporary suspension of the exercise of his office should be terminated.

NOLAN, P. J., BELDOCK, UGHETTA and CHRIST, JJ., concur in Per Curiam opinion; KLEINFELD, J., dissents, with opinion.

Motion to confirm the Referee's report, including the recommendation of censure, granted; respondent is hereby censured accordingly, and the temporary suspension of the exercise of his office is hereby terminated.