■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD TYLER, Appellant.— Judgment insofar as it sentences defendant as a second felony offender unanimously reversed, on the law, and matter remitted to Oneida County Court for resentencing in accordance with memorandum, and otherwise judgment affirmed. Memorandum: Defendant was convicted of driving while intoxicated, his second conviction for that offense and, therefore, a felony (Vehicle and Traffic Law, § 1192, subd. 2). Having been convicted in 1965 of attempted arson, County Court found him to be a second felony offender and sentenced him

to a mandatory term of 1½ to 3 years' imprisonment (Penal Law, § 70.06). Defendant correctly contends that he may not be sentenced as a second felony offender on this Vehicle and Traffic Law violation. Section 70.06 (subd. 1, par. [a]) of the Penal Law provides: " A second felony offender is a person who stands convicted of *a felony defined in this chapter,* other than a class A felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision " (emphasis added). Driving while intoxicated is not a felony defined in the Penal Law and under the plain language of the statute and established rules of construction, the offense is exempt from its provisions *(People ex rel. Carollo v. Brophy,* 294 N. Y. 540; cf. Penal Law, § 5.00). Our holding in *People v. Bouton* (40 A D 2d 383) was founded upon the uniform sentencing provisions of section 60.00 of the Penal Law (see, also, *People v. Messinger,* 43 A D 2d 15). That section expressly provides that it applies to any felony defined " outside of this chapter " as distinguished from the language of the second offender section before us. If it was not the Legislature's intention to restrict the language in section 70.06, a broader application could have been indicated by using the language defined outside of this chapter (cf. Penal Law, §§ 60.00; 55.10) or by eliminating the clause " as defined in this chapter " (cf. Penal Law, § 70.10 [persistent felons]). We find no error in the charge requiring reversal. The judgment should be reversed insofar as it determined defendant to be a second felony offender and sentenced him pursuant to the provisions of section 70.06 of the Penal Law and matter should be remitted for sentencing in accordance with section 55.10 of the Penal Law. (Appeal from judgment of Oneida County Court convicting defendant of driving while intoxicated, and other charges.) Present — Moule, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.