THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY G. BUTLER, Appellant.

Fourth Department, January 9, 1975.

*Donald L. Austin* (*Frank Blando* of counsel), for appellant.

*Richard D. Enders* for respondent.

CARDAMONE, J.   The appellant, Larry G. Butler, attacks the constitutionality of this State's recently enacted second felony offender statute (Penal Law, § 70.06). Appellant was originally indicted on two counts of burglary in the third degree and two counts of grand larceny in the third degree.   On December 17, 1973 appellant pleaded guilty in Oneida County Court to one count of burglary in the third degree in full satisfaction of all the counts in the indictment.   Thereafter, and prior to sentencing, the District Attorney's office filed a statement pursuant to the CPL 400.21 (subd. 2) alleging that appellant had been convicted of a prior burglary third degree, a felony, on September 3, 1973.   At a preliminary hearing held with respect to the validity of these allegations, the appellant conceded the validity of the prior felony conviction and raised objection to the constitutionality of the statute itself.   He was sentenced pursuant to section 70.06 of the Penal Law as a second felony offender to an indeterminate term with a minimum of two and a maximum of four years.

Section 70.06 of the Penal Law became effective September 1, 1973 and basically provides for mandatory imprisonment of any defendant convicted of a second felony within a 10-year period following a prior felony conviction. The sentence to be imposed

is an indeterminate one the range of which varies according to the seriousness of the second felony.[1]

Appellant contends that this statute violates the equal protection clause of the Fourteenth Amendment to the United States Constitution by treating felons with prior felony convictions as a class different from first-time felons. Although some of the features have varied from time to time, provisions for increased punishment for repeated offenders have been included in the criminal statutes of New York State since 1796.[2] More recently and prior to the enactment of the revised Penal Law (L. 1965, ch. 1030), the law provided for mandatory imprisonment with a minimum of at least 15 years to a maximum of life for a fourth felony offender (Penal Law, § 1942). Second and third felony offenders and third felony offenders under the prior law could be given either a suspended sentence or an indeterminate sentence with a minimum of not less than one half the statutory maximum for the offense and a maximum that might be as high as double the statutory maximum for the offense (Penal Law, § 1941). In enacting the revised Penal Law, the Legislature chose not to provide specific additional penalties for second felony offenders. Sentencing courts were empowered, although not mandated, to sentence to increased imprisonment those defendants with two or more prior felonies (revised Penal Law, § 70.10). After a six-year hiatus the Legislature by enactment

---

1. " § 70.06 Sentence of imprisonment for second felony offender.   *   *   *

" 3. Maximum term of sentence.   The maximum term of an indeterminate sentence for a second felony offender must be fixed by the court as follows:

" (a) For a class B felony, the term must be at least nine years and must not exceed twenty-five years;

" (b) For a class C felony, the term must be at least six years and must not exceed fifteen years;

" (c) For a class D felony, the term must be at least four years and must not exceed seven years; and

" (d) For a class E felony, the term must be at least three years and must not exceed four years.

" 4. Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate sentence for a second felony offender must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence."

2. New York was the first State to have persistent offender legislation (L. 1976, ch. 30).   Now, virtually all of the States have some provision which either requires or permits an increased sentence based upon a prior conviction or convictions.   The Penal Code of 1881 (§ 688–692) was so harsh that it provided additional punishment for past misdemeanors.   The increased sentence feature was carried over into the habitual criminal section of the Penal Law of 1909 (§ 1020) and the Penal Law of 1942 (§ 1941, as amd. by L. 1942, ch. 700).

of section 70.06 has made specific provision once again for second felony offenders.

The persistent felony offender provisions in our law have long been held to be legal and constitutional (*People v. Gowasky*, 244 N. Y. 451, 462). Moreover, the Court of Appeals has stated that these statutes violate no constitutional right " since they do no more than describe circumstances under which increased punishment may be imposed by a sovereignty " (*People v. Wilson*, 13 N Y 2d 277, 281, app. dsmd. 377 U. S. 925). Discussing the justification that supports this type of sentence, the Supreme Court in *Graham v. West Virginia* (224 U. S. 616, 623–624) stated: " The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. * * * The punishment is for the new crime only but is the heavier if he is an habitual criminal."

It is a function of the Legislature to define crimes and prescribe punishments subject only to constitutional restrictions (*Weems v. United States*, 217 U. S. 349; *Furman v. Georgia*, 408 U. S. 238; *People v. Blanchard*, 288 N. Y. 145). Where the challenge is, as here, to a legislative classification the question becomes whether there is a rational relationship between the classification employed in the statute and some legitimate State purpose (see *Railway Express v. New York*, 336 U. S. 106) and where fundamental liberties are affected by the legislation, a " compelling " State interest must be demonstrated (*Griffin v. Illinois*, 351 U. S. 12). The question to be determined, insofar as the second felony offender statute is concerned, is whether the increased punishment of second felony offenders bears a reasonable relationship to some compelling State interest. We conclude that it does.

One of the expressed objectives of the Penal Law is " to insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted, and their confinement when required in the interests of public protection " (Penal Law, § 1.05, subd. 5). Although there are many — including this appellant — who argue that rehabilitation of prisoners is not a result often produced by incarceration in the State's correctional institutions, few would dispute that the prospect of mandatory imprisonment acts as a deterrent and, when imposed, acts to protect the public at least for the duration of the term imposed.

Thus, even if it is assumed that mandatory and increased incarceration does not in fact further the expressed policy of rehabilitation, such is not sufficient alone to render the statute unconstitutional; on the contrary, a compelling State interest in public safety is promoted and enhanced by incarceration because of its deterrent effect and because it removes from society an individual who has previously been guilty of committing a felony.[3] Further, the statute is not a denial of the equal protection of the law since all second felony offenders as a class are treated the same.

Under the claim of denial of substantive due process appellant objects to features of the second felony offender statute just considered.[4] Not only is a prison sentence mandatory, but the defendant indicted on a felony count is not permitted to plead to a misdemeanor in satisfaction of the indictment (CPL 220.10, subd. 6, par. [b]). This, of course, prevents circumvention of the statute by way of a plea to something other than "a second felony". The defendant's fate, insofar as the pleading process is concerned, is fixed at the time of the indictment. This does not render the statute unconstitutional although it does severely limit opportunities to plea bargain (i.e., he can only plead to a lesser felony). In any event, plea bargaining has not been considered a constitutional right to which the defendant is entitled (see *Santobello* v. *New York,* 404 U. S. 257, 262; *North Carolina* v. *Alford,* 400 U. S. 25).

Appellant also argues that the mandatory incarceration feature and the prohibition against nonfelony pleas take from the sentencing court the discretion and flexibility needed by it to fashion sentences to the offender. Such substantial curtail-

---

3. Codes Committee minutes contained in its Annual Report for 1973 reflect the following: "Armed with even more information on sentencing problems, the Committee drafted a bill * * * designed to deal with all aspects of the ability of both law enforcement agencies and the judicial system to impose effective penalties in a workable fashion on those who commit felonies. The bill provided mandatory minimum jail sentences for all second felony offenders with plea bargaining somewhat restricted".

4. Appellant suggests incorrectly that the mandatory incarceration feature of section 70.06 for the second felony offender is inconsistent with the discretionary treatment afforded a persistent felony offender (two or more prior felony convictions) in section 70.10. Under subdivision 2 of section 70.10 a persistent felony offender *may* be sentenced to the imprisonment authorized for a class A felony. However, if a persistent felon has a prior felony conviction within ten years of the current conviction and is not sentenced under 70.10 he apparently would have to be sentenced as a second felony offender under 70.06. Under no circumstances is the second felony offender worse off than the persistent felony offender with a prior conviction within 10 years.

ment, save only a choice as to the range of available prison sentences, is eminently justified considering that flexible sentencing with rehabilitation as the objective was available when the second felony offender was before the court on his first felony conviction. To whatever extent the sentence was tailored to this offender in the first instance, it was unsuccessful. We believe it a reasonable exercise of legislative prerogative in providing for the public safety to limit judicial discretion upon defendant's conviction as a second felony offender and that such limitation does not deprive this appellant of his right to substantive due process.

The judgment should be affirmed.

MARSH, P. J., MOULE, MAHONEY and DEL VECCHIO, JJ., concur.

Judgment unanimously affirmed.