Susan R. Shimer, J.
Defendant is charged with operating a motor vehicle, while having in excess of .10% by weight of alcohol in his blood, a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.[1] Defendant, with the consent of the People, seeks to enter a plea of guilty to subdivision 1 of section 1192 of the Vehicle and Traffic Law — to wit operating a motor vehicle while his ability to operate the vehicle is impaired by the consumption of alcohol — a lesser included offense.
According to the standard test, used to determine weight of alcohol in a person’s blood, which was administered within the time prescribed by statute, defendant had .18% of alcohol in his blood. The court determines that this result, which is not challenged at this stage, makes it inappropriate to accept the lesser plea and accordingly denies permission to enter such plea here.[2]
*226 THE ARGUMENT FOR ACCEPTANCE OF THE PLEA HERE
The defendant and the People have stated that they do not wish to submit papers in support of their request that the court accept the plea. However, both the defendant and the People have outlined in open court their argument in support of such a plea. Defendant’s position is as follows: (1) defendant had full control of his vehicle at the time of the alleged offense; (2) there were no aggravating circumstances surrounding this arrest; (3) defendant was polite to the police officers with whom he had contact at and after the time of his arrest; (4) defendant has no prior record of any kind, other than possibly traffic infraction(s) more than nine years ago; (5) defendant holds a responsible position;[3] and (6) the potential damage to the defendant if this plea is rejected is great and there has been no harm to anyone as a result of this incident.
The People consent to the plea offered on the following grounds: (1) defendant had no prior record; (2) the result of the breathalyzer test shows that defendant had .18% of alcohol in his blood; (3) there was no accident; (4) the only reason that defendant was stopped was because he failed to signal; and (5) pleas are ordinarily accepted in cases of this kind.
THE PRIOR HOLDING OF THIS COURT IN A SIMILAR CASE
This court in a recent case, People v Fox (87 Misc 2d 210), determined it inappropriate to accept a plea offered, with the consent of the People, by a Connecticut resident whose blood alcohol level was .17%. The court adheres to that decision.
THE DECISION IN THAT EARLIER CASE IS APPLICABLE TO THIS DEFENDANT
The only question which this court must now face is whether, although the court believes it is inappropriate to accept a plea to a lesser offense by a Connecticut resident in light of the language of subdivision 2 of section 1192 and subdivision 2 of section 1195, and the legislative history of those sections, such a plea should be accepted if offered by a New York resident such as defendant here.
*227 A. THE LEGISLATURE’S DETERMINATION THAT A BLOOD ALCOHOL LEVEL OF .10% IS A PER SE VIOLATION
As this court pointed out in People v Fox, the Legislature has established that a blood alcohol content in excess of .10% is a per se violation of the law.[4]
B. THE LEGISLATURE’S DETERMINATION THAT A PERSON BE TRIED FOR A VIOLATION OF SUBDIVISION 2 OF SECTION 1192 IF CHARGED THEREON, AND GIVING THE JUDGE BROAD DISCRETION IN SENTENCING A PERSON CONVICTED THEREOF
The Legislature has sought to insure that drivers with a blood alcohol content such as that allegedly had by defendant here be charged with and tried for a violation of subdivision 2 of section 1192, a misdemeanor. (See, People v Fox, supra, pp 210, 212.)[5] As this court pointed out in that case, the Legislature, in setting the penalties for violation of section 1192, provided very different penalties for violation of subdivision 1 of section 1192 and subdivision 2 of section 1192. Under the latter section, it sought to give the Judge "a free hand to impose such punishment as would be commensurate with the crime.”[6]
1. THE SUBSTANTIALLY DIFFERENT PENALTIES SET OUT FOR A VIOLATION OF SUBDIVISIONS 1 AND 2 OF SECTION 1192
Subdivision 5 of section 1192 provides that "A violation of subdivisions two * * * of this section shall be a misdemeanor and shall be punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than five hundred dollars, or by both such fine and imprisonment.” A conviction for violation of subdivision 2 of section 1192 also requires revocation of a person’s driver’s license (Vehicle and Traffic Law, § 510, subd 2, par a, cl [iii]).
A violation of subdivision 1 of section 1192, on the other hand, is only a traffic infraction punishable by a fine not to exceed $50 or imprisonment of 15 days or both (Vehicle and *228 Traffic Law, § 1800, subd [b]). A defendant’s conviction under subdivision 1 of section 1192 results in suspension of his New York State driver’s license for only 60 days (Vehicle and Traffic Law, § 510, subd 2, par b, cl [i]).
A person convicted under either subdivisions 1 or 2 of section 1192 may, if he wishes, participate in an alcohol rehabilitation program, provided that the Judge permits, the Department of Motor Vehicles permits, and he pays a set fee (which is substantially in excess of $50, but less than $500). Satisfactory completion of the program shall be "adequate satisfaction” of any fine or imprisonment imposed and the defendant may apply for termination of the suspension or revocation order which the commissioner in his discretion may authorize (see Vehicle and Traffic Law, § 521). A person convicted of a violation of subdivision 2 of section 1192 would have no means to obtain a new license within such a short period if he did not take the program (Vehicle and Traffic Law, § 510, subd b). A person convicted under subdivision 1 of section 1192, whether he takes the program or not, would have the use of his driver’s license again automatically after 60 days. Thus there is a real practical incentive for a person convicted under subdivision 2 of section 1192 to complete the program, but less incentive for a person convicted under subdivision 1 of section 1192. Further, there is an obvious economic incentive to enter and complete the program for a person convicted under subdivision 2 of section 1192, but no such incentive for a person convicted under subdivision 1 of section 1192, in view of the cost of the program compared to the permissible fines.
In conclusion, if this court accepted the plea of guilty to subdivision 1 of section 1192, it would be limited in the action it could take on a defendant’s driver’s license and the fine it could impose to assure that a defendant take steps to enter and successfully complete the alcohol rehabilitation program, and to deter a defendant from again driving while intoxicated. If a defendant chose not to enter the program, the court could suspend his license, but he could then drive again in 60 days. It also could only fine him up to $50 or jail him up to 15 days. Such a plea thus would tie the hands of the court, in that the scope of the fine permissible for this offense is, in this court’s view, very inadequate. Accordingly, the court might have no option if a person convicted under subdivision 1 of section 1192 did not take and successfully complete the alcohol reha *229 bilitation program but to impose a jail term — a sentence rarely imposed even for a violation of subdivision 2 of section 1192. If the scope of the sentence would tie the hands of the court, it should be rejected. (See, People v Griffith, 43 AD2d 20, 23.)
Conversely, if the court rejects a plea to subdivision 1 of section 1192 and a defendant is subsequently convicted under subdivision 2 of section 1192, the court may suspend sentence if defendant enters the alcohol rehabilitation program, but make clear to him the significant consequences if he should fail to do so. The consequences of the misdemeanor charge here are not Draconian. (See, People v Selikoff, 35 NY2d 227, cert den, 419 US 1122.)
C. THE COURT SHOULD EXERCISE ITS DISCRETION AND REFUSE THE PLEA HERE
In view of the clarity with which the Legislature has spoken in establishing that blood alcohol in excess of .10% is a per se offense, and the substantially different consequences of a conviction under subdivisions 1 and 2 of section 1192 if a person does not take and successfully complete the New York State Alcohol Rehabilitation program, this court believes it appropriate to exercise its discretion and refuse the plea to a lesser offense in a case such as this. The court should not substitute its judgment for that of the Legislature and thereby vitiate the express language of subdivision 2 of section 1192 of the Vehicle and Traffic Law and the Legislature’s intent in enacting that law.
D. CONTRARY PRACTICE, IF ANY, DOES NOT ABROGATE THE COURT’S DUTY HERE
The fact that acceptance of pleas to the lesser offense of driving while impaired is done as of course by other courts in this area does not require acceptance of the plea by this court. (See, Matter of Blumberg v Lennon, 44 AD2d 769; Matter of Murtagh v Maglio, 9 AD2d 515; and People v Fox, supra, p 210.) Nor does the Equal Protection Clause require this court to follow the pattern allegedly accepted by other courts. Thus, in Murtagh v Maglio (supra, p 520), the Appellate Division for this Department expressed no concern with equal protection in holding that the failure to obtain the consent of the District Attorney before reducing charges was without warrant in law, *230 even if it be assumed that the action was taken, as was contended, in accordance with a common practice in the City Magistrate’s Court. And, see, People v Bullock (80 Misc 2d 73, 78-79) and People v Butler (46 AD2d 422), which rejected the contention that refusal to allow plea bargaining was a denial of constitutional rights. (See, also, People v Fox, supra, p 210.)
CONCLUSION
Accordingly, permission to enter the plea is denied.

. He is also charged, as a result of the same incident, with driving while in an intoxicated condition in violation of the Vehicle and Traffic Law (§ 1192, subd 3). Since a conviction for a violation of both subdivisions 2 and 3 of section 1192 cannot result in a separate punishment for each violation, the court’s refusal to accept a lesser plea for the violation of subdivision 2 of section 1192 makes it unnecessary to consider the appropriateness of accepting a lesser plea to subdivision 3 of section 1192.

. The consent of the People to the entry of the plea to the lesser offense is not grounded on the existence of any question concerning the administration of the standard test given to defendant. The ground urged for acceptance is only that such pleas are always accepted in cases such as this (see infra). The permission of the court is essential to the entry of a plea of guilty to a lesser offense. (See, CPL 220.10, subd 4.) "There is no absolute right to have a guilty plea accepted.” (People v Selikoff, 41 AD2d 376, 378, affd, 35 NY2d 227, cert den 419 US 1122. And, see, Santobello v New York, 404 US 257, 262; Lynch v Overholser, 369 US 705, 719; People v Butler, 46 AD2d 422, 426; People v Venable, 46 AD2d 73, 81; People v Gardner, 78 Misc 2d 744, 754.)

. Defendant offered to submit character references to the court; the court explained that this was unnecessary, in that in making its decision the court would assume, as the court’s own observations already showed, that the defendant was a person of good character.

. See People v Fox, supra, p 215, and see Statement by Governor Rockefeller, 1970 Legis Ann pp 365, 483; L 1971, ch 495; L 1972, ch 450.

. Certainly, it would be understandable if the People were concerned that a jury might not convict someone with precisely .10% of alcohol in his blood. Accordingly, the People must be given some discretion to consent to a lesser plea in such a situation and section 1196 permits them to do so, and permits the court to accept such a plea.

. Memorandum by Assemblyman Samuel Bonom, reported in 1960 Legis Ann, p 352.