John J. J. Jones, J.
The defendant, Oliver J. Rice, pleaded guilty to manslaughter, first degree (Penal Law, § 125.20), on March 17, 1975, in full satisfaction of a charge of murder (Penal Law, § 125.25), committed September 3, 1973. He was sentenced to an indeterminate term of 0 to 18 years on April 14, 1975. Defendant here moves under CPL 440.20 to have that sentence set aside so that he may be resentenced as a second felony offender in accordance with the provisions of section 70.06 of the Penal Law. The motion is granted.
The predicate felony on which defendant grounds the relief sought is a 1946 homicide conviction in Suffolk County, New York, for which the defendant was sentenced during June, 1947 to a term of 25 years to life. He was paroled from jail during March, 1964 some dVz years prior to the commission of the crime for which he now stands convicted.
In this motion defendant demands that the court alter the original sentence by providing a stated minimum of one half the maximum as required by subdivision 4 of section 70.06 of the Penal Law. This is a novel request where, as here, it is made by a defendant since the purpose of the statutory provisions is to restrict judicial sentencing discretion by mandating more severe sentences for second felony offenders. (People v Butler, 46 AD2d 422.)
There is, of course, a cogent reason for the relief sought. Parenthetically, the court notes that this anomalous request is made by defendant because he believes that under the regulations of the Department of Correctional Services he will be eligible for parole consideration before March, 1984 which is his next scheduled appearance before that board. Whether that is in fact so is of no import to the court in deciding this issue nor is the motive of defendant in seeking the relief requested.
The court in deciding this motion neither seeks to enlarge nor restrict the rights of defendant or the discretion of the Parole Board. Rather the court merely seeks to implement the *1054 mandatory sentencing provisions of section 70.06 of the Penal Law.
Treatment as a second felony offender is mandatory under article 70 of the Penal Law. (People v Yale, 49 AD2d 167; People v Butler, supra.) Under section 70.06 of the Penal Law such treatment is required where the predicate felony conviction is 10 years or less from the commission of the second felony excluding any jail time served on the predicate felony (Penal Law, § 70.06, subd 1, par [b], cl [v]). The indeterminate sentence mandated must meet the maximum term requirements imposed under subdivision 3 of section 70.06 of the Penal Law and must contain a stated minimum of one half the maximum under subdivision 4 of section 70.06 of the Penal Law. (People v Bryant, 47 AD2d 51; People v Bond, 80 Misc 2d 413.)
The sentence imposed on defendant, Oliver J. Rice, on April 14, 1975 should have reflected these sentencing standards by containing a stated minimum term of 9 years making the sentence 9-18 years rather than 0-18 years.
Accordingly, the court determines that the sentence imposed was inapposite to the requirements of the court under section 70.06 of the Penal Law and sets aside the sentence of April 14, 1975. In accordance with CPL 440.20 (subd 4) defendant will be resentenced nunc pro tunc on January 17, 1977.
The Sheriff of Suffolk County is hereby directed to produce defendant, Oliver J. Rice, before the court on January 17, 1977 for resentencing proceedings consistent with CPL 400.21 and section 70.06 of the Penal Law.