**Taylor DILLARD, Petitioner,**

v.

**J. Edwin LaVALLEE, Warden of the Clinton Correctional Facility, and Benjamin Ward, Commissioner of the New York State Department of Correctional Services, Respondents.**

**No. 76 C 1929.**

United States District Court, E. D. New York.

April 5, 1977.

James J. McDonough, Legal Aid Society of Nassau County, Mineola, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, Denis Dillon, Dist. Atty. of Nassau County, Mineola, N. Y., for respondents.

MEMORANDUM AND ORDER

PRATT, District Judge.

By habeas corpus, 28 U.S.C. § 2254, petitioner seeks to review his sentence as a second felony offender which was imposed on February 3, 1975 in the County Court, Nassau County, after a jury trial and conviction of robbery in the first degree. The Appellate Division, Second Department,

unanimously affirmed the judgment of conviction on May 10, 1976. Leave to appeal to the New York Court of Appeals was denied on June 15, 1976.

In support of his request for issuance of a writ of habeas corpus, petitioner contends that New York State has denied him the equal protection of the laws as guaranteed by the fourteenth amendment by sentencing him under the second felony offender statute, N.Y. Penal Law § 70.06, which then read in pertinent part:[1]

1. Definition of second felony offender.

(a) A second felony offender is a person who stands convicted of a felony defined in this chapter, other than a class A felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision.

(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:

(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized irrespective of whether such sentence was imposed;

\* \* \* \* \* \*

3. Maximum term of sentence. The maximum term of an indeterminate sentence of a second felony offender must be fixed by the court as follows:

(a) For a class B felony, the term must be at least nine years and must not exceed twenty-five years;

\* \* \* \* \* \*

4. Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate sentence for a second felony offender must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence.

Since he had been convicted of the felony of driving while intoxicated[2] in 1971, petitioner's 1975 conviction for robbery automatically invoked the provisions of § 70.06, and he was sentenced to an indeterminate term of four and one-half to nine years, rather than the zero to twenty-five-year term which may be imposed on one who commits a class B felony as a first offense. Had the sequence of his two convictions been reversed, petitioner correctly notes, that is, had the robbery conviction preceded the conviction for driving while intoxicated, then the provisions of § 70.06 would not have been invoked, and petitioner would not have been subject to a mandatory minimum jail term. Indeed, the trial court indicated at the imposition of sentence that it would have given a less severe sentence if it had not felt bound by § 70.06. *People v. Dillard*, Index No. 40111, Minutes of Sentence at 8–9 (County Court, Nassau County, Feb. 3, 1975).

■ Petitioner urges that this disparity in treatment of persons who have committed identical offenses, albeit in a different order, creates an irrational and arbitrary classification violative of equal protection. Although petitioner's order-of-offense argument has a simple, superficial appeal, closer analysis of the problem reveals that the issue is not quite so simple, the argument not quite so appealing. For the reasons set forth below, the request for habeas corpus relief must be denied.

■ It is a proper function of the legislature to define crimes and prescribed punish-

---

1. In 1975 N.Y. Penal Law § 70.06(1)(b)(i) was amended to read:

For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply: (i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed \* \* \*.

2. N.Y. Vehicle and Traffic Law § 1192 defines driving while intoxicated as a misdemeanor if a first conviction and as a felony upon a subsequent conviction. Hence, petitioner had been convicted of driving while intoxicated at least twice within a ten-year period. *Id.* § 1192(5).

ments, *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Weems v. United States,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1909), and, in enacting § 70.06, New York has decided that "a compelling state interest in public safety is promoted and enhanced by incarceration because of its deterrent effect and because it removes from society an individual who has been previously guilty of committing a felony". *People v. Butler,* 46 A.D.2d 422, 425, 362 N.Y.S.2d 658, 661 (4th Dep't 1975). *Accord, United States ex rel. Mercogliano v. County Court of Nassau,* 414 F.Supp. 508 (E.D.N. Y.), *aff'd on opn. below,* Docket No. 76–2064 (C.A. 2 Nov. 17, 1976); *Cruz v. Bombard,* Civil No. 76 C 702 (E.D.N.Y. Oct. 6, 1976); *People v. Parker,* 41 N.Y.S.2d 21, 390 N.Y.S.2d 837, 359 N.E.2d 348 (1976).

In furtherance of this interest, the legislature has also determined that, although a "predicate" felony under the statute may be (1) a felony defined in the Penal Law, (2) a felony defined by New York outside the Penal Law, or (3) an out-of-state conviction punishable by more than one year's imprisonment, it is only when a felony "defined in this chapter", *viz.* the Penal Law, is committed after an earlier predicate conviction that operation of the second felony offender statute is triggered. In effect, the legislature has determined that a Penal Law conviction which follows a conviction for a felony defined outside the Penal Law indicates a more serious disregard for the laws of society than does a Penal Law felony standing alone. Accordingly, it is not unreasonable that such a felony be punished more severely and New York has done "no more than describe circumstances under which increased punishment may be imposed by a sovereignty". *People v. Wilson,* 13 N.Y.2d 277, 281, 246 N.Y.S.2d 608, 612, 196 N.E.2d 251, 253, *appeal dismissed,* 377 U.S. 925, 84 S.Ct. 1224, 12 L.Ed.2d 292 (1964). *Accord, Cruz v. Bombard, supra.*

Nonetheless, petitioner claims that § 70.06 violates equal protection by permitting two individuals who have committed the same crimes, but in a different sequence, to be subjected to different penalties. Specifi-cally, petitioner argues that there is an unconstitutional paradox in this statute since it exempts from its operation a person who after being convicted of a Penal Law felony (*e. g.,* robbery) is then convicted of a non-Penal Law felony (*e. g.,* driving while intoxicated), while it serves to punish more severely one, like petitioner, who commits the same crimes in reverse order. Such a difference in treatment, however, is neither arbitrary nor irrational. What petitioner ignores is that he was tried, convicted, and sentenced for the felony of armed robbery and not for some hybrid felony, consisting of a combination of the felonies of drunken driving and armed robbery.

In determining the punishment for armed robbery, the prior record of a defendant is a relevant factor, just as it would be with every conviction, *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, *rehearing denied,* 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760 (1949). By this second felony offender statute the legislature has prescribed minimum sentences for anyone who has a prior felony conviction. Thus the prior conviction not only becomes a relevant factor for judicial consideration in arriving at an appropriate sentence for the Penal Law conviction, but it also provides a "floor" or minimum below which the judge's sentencing discretion may not reach. Once convicted of driving while intoxicated, a felony in New York, petitioner was on notice that any subsequent Penal Law felony conviction would subject him to the stringent sentencing mandate of the second felony offender statute. In the instant case, the purpose of the statute—incarceration and isolation of repeating offenders—has been effected and it cannot be said that the application of the second felony offender statute here was either irrational or arbitrary. *Cf. U. S. v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960) ("[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.").

38

Equal protection does not require mathematical precision. *See Marshall v. United States*, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). The potential sentence of an ex-drunken driver now convicted of robbery need not constitutionally be equal to that prescribed for an ex-robber now convicted of drunken driving. New York's Legislature has exercised its considered judgment in devising a statutory scheme under which traditional forms of criminal conduct—*e. g.*, murder, rape, arson, robbery, theft—are defined within the Penal Law while some other anti-social acts are defined as crimes in other chapters of the state's laws. The legislature has made the further judgment that upon a defendant's conviction of a traditional Penal Law felony, more severe punishment is warranted whenever there has been a prior felony conviction regardless of the source of its definition. The statute's sentencing requirements are activated only upon conviction of a Penal Law felony, and it is this crime for which sentence is ultimately imposed. Thus, it is not the *order* of the crimes, but the *identity* of the second crime as a Penal Law felony which activates the second felony offender statute. Such a scheme is both rational and well within the legislative discretion.

Accordingly, since section 70.06 of the New York Penal Law as devised and applied did not impose upon the petitioner an unreasonable or arbitrary classification violative of his equal protection guarantees, the petition for issuance of a writ of habeas corpus must be dismissed.

SO ORDERED.