▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. MORRIS, Appellant. (Appeal No. 1.) — Judgment, insofar as it sentences defendant as a second felony offender, unanimously reversed, on the law, and defendant remanded to Cayuga County Court for resentencing in accordance with memorandum, and, otherwise, judgment affirmed. Memorandum: Following his pleas of guilty to three counts of driving while intoxicated defendant received three concurrent sentences of two to four years' imprisonment as a second felony offender (Penal Law, § 70.06). Defendant correctly contends that he may not be sentenced as a second felony offender upon his convictions of driving while intoxicated. Section 70.06 (subd 1, par [a]) of the Penal Law provides: "A second felony offender is a person * * * who stands convicted of a felony defined in this chapter * * * after having previously been subjected to one or more predicate felony convictions". Driving while intoxicated is not a felony defined by the Penal Law and, therefore, it is exempt from section 70.06 of the Penal Law (see *People v Smith,* 58 AD2d 635; *People v Tyler,* 46 AD2d 997). The sentencing court did not have the discretion to impose sentence of two to four years' imprisonment upon a conviction of driving while intoxicated. Section 55.10 (subd 1, par [b]) of the Penal Law provides: "Any offense defined

outside this chapter which is declared by law to be a felony without specification of the classification thereof * * * shall be deemed a class E felony". Driving while intoxicated is such an offense (Vehicle and Traffic Law, § 1192, subd 5; see, also, Penal Law, § 70.00, subd 2, par [e]; subd 3, par [b]). We have examined defendant's other contentions on this appeal and find them to be without merit. (Appeal from judgment of Cayuga County Court, Corning, J. — driving while intoxicated.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.