OPINION OF THE COURT
Harry Edelstein, J.
The defendant has moved to dismiss the indictment for burglary in the second degree (Penal Law, § 140.25, subd 2) on the grounds that the recent amendment to the burglary statute which reclassified a daytime burglary of a dwelling as a violent C felony with a mandatory State prison sentence is violative of his right to due process and constitutes cruel and unusual punishment. These arguments will be addressed in detail.
The defendant is alleged to have committed the offense of burglary in the second degree on February 6, 1981, at 11:25 a.m. in that he knowingly entered or remained unlawfully in a dwelling. Prior to September 1, 1981, the acts alleged in this indictment would have constituted the commission of the crime of burglary in the third degree, a D felony. The court could have sentenced the defendant to *1092 an indeterminate period of incarceration of up to seven years in State prison, or, among other alternative sentences, up to one year in the county jail, or 60 days and community service and/or only probation, a conditional or unconditional discharge, or even a fine.
Effective September 1, 1981, subdivision 2 of section 140.25 of the Penal Law was amended by the Legislature. Pursuant to this change, the acts alleged in this indictment, which set forth a daytime burglary of a dwelling, constitute the commission of the crime of burglary in the second degree, a violent C felony. The mandatory minimum sentence upon conviction for this offense is IV2 to 4V2 years incarceration, with a possible maximum sentence of 5 to 15 years (Penal Law, § 70.02, subd 1; § 60.05, subd 4).
This change was accomplished by the simple act of removing the words “and the entering or remaining occurs at night” from section 140.25 of the Penal Law. Because the amendment involved the addition of no new provisions to the statute, but merely the deletion of a phrase, it appears that little thought was given by the Legislature to the far-reaching implications of the action.
That the sentencing implications of the amendment were not foreseen was indicated by statements made by several legislators after the measure took effect. When informed of the mandatory prison sentence required by the amendment, members of the Legislature stated that this was not the intent of the statute and was not foreseen. (Rockland Journal News, Sept. 13, 1981.)
The reclassification of a daytime burglary of a dwelling as a violent C felony places it in the same category as other more violent crimes. Section 70.02 of the Penal Law lists the violent C felony offenses as: Assault in the first degree; burglary in the second degree; robbery in the second degree; criminal possession of a weapon in the second degree; and criminal use of a firearm in the second degree. Assault in the first degree involves serious physical injury to another individual; robbery in the second degree requires the forcible stealing of property when the defendant is aided by another person, there is physical injury to a nonparticipant, or a firearm is displayed; criminal possession of a weapon in the second degree involves the posses *1093 sion of a machine gun or loaded firearm with the intent to use it against another; and criminal use of a firearm in the second degree is committed when a person commits a violent C felony while possessing a deadly weapon or displays a firearm.
The provisions of the crime of burglary in the second degree involve the entry or remaining unlawfully in a building with the intent to commit a crime when one of the participants is armed with a deadly weapon or explosives, uses or threatens the use of a dangerous instrument, displays what appears to be a firearm, or causes physical injury to a nonparticipant. Burglary in the second degree may also be committed when the entry or remaining unlawfully occurs in a dwelling, regardless of whether the entry occurs during the day or night.
The defendant has been charged with the burglary of a dwelling during the day with none of the aggravating circumstances of being armed with or displaying a firearm or physical injury to a nonparticipant. Although now classified as a “violent” C felony, the alleged conduct of the defendant shows the absence of any violence or even the potential for violence. The other crimes which the Legislature has classified as violent C felonies all involve either the actual use of force against another person, or the potential for such force and violence by the possession or display of a weapon. Even the prior statute for burglary in the second degree, which proscribed a burglary of a dwelling at night, was directed toward the potential for violence at night when dwellings are expected to be occupied.
Subdivision 3 of section 140.00 of the Penal Law defines a dwelling as a building which is usually occupied by a person lodging there at night. The amendment to the burglary statute did not change this definition of a dwelling. There is both historically and logically a distinction between the burglary of a home during the day and at night. Even the McKinney’s Commentary to the 1981 amendment notes the sponsors’ determination that there was no rational basis for distinguishing between the burglary of a dwelling at night or during the day and observes that “[considering that the distinction goes back well over a hundred years, this is an unnecessarily harsh assess *1094 ment, as well as a questionably valid one.” (Hechtman, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.30, 1981-1982 Pocket Part, pp 16, 17.)
Although the court is aware that the burglary of a residence even without physical violence is a traumatic intrusion upon the rights of the owners or occupants, the charge and sentence must be appropriate to the defendant’s conduct.
Substantive principles of due process require that a legislative act bear a rational relationship between the classification employed in the statute and some legitimate State purpose, and where fundamental liberties are affected the State interest must be “compelling.” (People v Butler, 46 AD2d 422.)
That the amendment has been perceived to be a significant problem within Rockland and Westchester Counties is demonstrated by the large number of superior court informations filed for burglary in the third degree since the new statute took effect. By utilizing this ^ alternative to an indictment for burglary in the second degree, the courts and the District Attorneys have avoided the harsh mandatory sentences especially for first offenders. However, the constitutional infirmities of the statute have remained.
Within Rockland County in 1980, there were approximately 130 indictments for burglary with 66 adults being convicted of that offense, and 43 other individuals being adjudicated youthful offenders, a total of 109 convictions. If this pattern continues, and the law is prosecuted as written, the Rockland County court system will be faced with the possibility of at least 66 additional trials per year from defendants who would receive mandatory State prison sentences if they plead guilty. To handle these additional trials would require 5 to 6 additional County Judges and staff. The resulting burden upon the prison system would be catastrophic.
The defendant also challenges the statutory amendment on the ground that the sentencing provisions made applicable to his type of conduct constitute cruel and unusual punishment. The Eighth Amendment prohibition of cruel *1095 and unusual punishment refers to those punishments which are disproportionate to the offense. (People v Davis, 33 NY2d 221.) The Eighth Amendment also requires that the Legislature make some rational gradations of culpability in mandating punishments. (Ralph v Warden, 438 F2d 786.) By making a daytime dwelling burglary a violent C felony, the Legislature has failed to acknowledge the difference in culpability and potential for personal confrontation between a day and night burglary and has thus mandated a punishment greatly disproportionate to the offense actually committed.
The court finds that the 1981 amendment to section 140.25 of the Penal Law which omitted “and the entering or remaining occurs at night” violates the defendant’s right to due process of law. As a result of this amendment, the sentence which is made applicable to the defendant’s conduct is disproportionate to his offense and constitutes cruel and unusual punishment. However, the conduct alleged in the indictment constitutes the crime of burglary in the third degree (Penal Law, § 140.20) under either the present or pre-1981 statute.
Accordingly, Count No. 1 of the indictment charging the defendant with “Burglary in the second degree” is amended to read “Burglary in the third degree.”