■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORSE CLEARWATER, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 21, 1983, convicting defendant upon his plea of guilty of the crime of robbery in the third degree. Following his plea of guilty of the crime of robbery in the third degree, defendant was sentenced as a second felony offender (Penal Law, § 70.06) based upon a prior felony conviction for operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subd 5). Defendant maintains that the predicate felony offender statute applies only where the predicate conviction is for a crime under the Penal Law. In the alternative, defendant maintains that section 70.06 of the Penal Law, as applied to the facts of this case, is unconstitutional. We reject both arguments. Section 70.06 (subd 1, par [b]) of the Penal Law provides, in relevant part, that "[f]or the purpose of determining whether a prior conviction is a predicate felony conviction * * * (i) [t]he conviction must have been in this state of a felony". In contrast, the statute defines a second felony offender as one who "stands convicted of a felony

*defined in this chapter* \* \* \* after having previously been subjected to one or more predicate felony convictions" (Penal Law, § 70.06, subd 1, par [a] [emphasis added]). Thus, despite having previously been subjected to one or more predicate felony convictions, one who stands convicted of a felony as defined in the Vehicle and Traffic Law cannot be sentenced as a second felony offender due to the restriction contained in section 70.06 (subd 1, par [a]) of the Penal Law (*People v Morris,* 86 AD2d 763). The definition of "predicate felony conviction", however, contains no such restriction. In our view, the omission was intentional and must be viewed as signifying that the conviction of any felony in this State, including those defined in the Vehicle and Traffic Law, may serve as a "predicate felony conviction" (see *People v Mashaw,* 97 Misc 2d 554). Defendant's constitutional argument is based upon the theory that the statutory scheme permits the imposition of a harsher sentence where, as here, a defendant is first convicted of a felony as defined outside the Penal Law and thereafter convicted of a felony as defined by the Penal Law, but not where the convictions occur in the reverse order. Thus, argues defendant, the statute creates a classification which violates the equal protection clause. We find nothing irrational about the classification. The harsher sentence for second felony offenders is based upon the nature of the second felony, not upon the order of conviction. The Legislature could reasonably conclude that the nature of felonies defined in the Penal Law is such that harsher sentences are justified for those convicted of such felonies who have also previously been convicted of any felony, but that harsher treatment is not warranted for those convicted of felonies defined outside the Penal Law. Section 70.06 of the Penal Law, therefore, does not deprive defendant of any rights guaranteed by the equal protection clause (see *Dillard v La Vallee,* 429 F Supp 35, affd 559 F2d 873, cert den 434 US 999). Judgment affirmed. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.