■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT R. BUTTS, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered July 1, 1985, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed and the case is remitted to the County Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (5).

We reject the defendant's contention that his prior conviction of the felony of driving while intoxicated could not properly serve as the predicate offense upon his adjudication as a second felony offender. Penal Law § 70.06 (1) (a) defines a second felony offender "a person * * * who stands convicted of a felony *defined in this chapter* * * * after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision" (emphasis supplied). Paragraph (b) provides, in relevant part, that "[f]or the purpose of determining whether a prior conviction is a predicate felony conviction * * * (i) [t]he conviction must have been in this state of a felony". Pursuant to these statutory definitions, the present conviction was required to be of a felony defined in the Penal Law in order for the defendant to be subjected to the enhanced penalty of the second felony offender statute, while the underlying predicate could be for a non-Penal Law felony. Thus, a felony defined under the Vehicle and Traffic Law is within the ambit of the statutory definition of a predicate felony *(People v Barnes,* 99 AD2d 877; *People v Clearwater,* 98 AD2d 912; *see, Dillard v LaVallee,* 429 F Supp 35, *affd* 559 F 2d 873, *cert denied* 434 US 999; *People v Dillard,* 52 AD2d 893).

Nor do we find that the defendant's sentence was unduly harsh or excessive. It is the minimum permissible for a second felony offender convicted of a class E felony offense (Penal Law § 70.06 [3] [e]) and was imposed pursuant to a negotiated plea *(see, People v Singleton,* 107 AD2d 828; *People v Kazepis,*

101 AD2d 816). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.