OPINION OF THE COURT
S. Peter Feldstein, J.
Defendant moves to restrict from application to the present *423 case the provisions of Penal Law § 70.10 and CPL 400.20. It is defendant’s position that New York State’s persistent felony offender statute is unavailable — or ought to be — in the context of the sentencing of a defendant upon his present conviction of felony driving while intoxicated (DWI). Defendant further argues that use of the persistent felony offender statute is particularly inappropriate where, as here, the previous felony convictions relied upon as predicates (as well as the overwhelming body of this defendant’s criminal background) consist as well of prior DWI convictions.
Defendant bases his argument in large measure upon the analogous circumstance of second felony offender sentencing under section 70.06 of the Penal Law. He points out, correctly, that section 70.06 has consistently been held not to be intended for, and therefore not available to, the sentencing of one convicted of felony DWI. If unavailable in respect to the sentencing of second felony DWI offenders, argues defendant, enhanced sentencing surely must not be available in the context of persistent felony DWI offenders. No cases are cited by defendant — nor, for that matter, are any offered in rebuttal by the People — with respect to this particular issue; indeed, the issue appears to be one of first impression.
Defendant’s reliance upon the cases cited under section 70.06 appears tenuous, at best. Those cases depend upon the limiting phrase in section 70.06, restricting that statute’s application to only those defendants "convicted of a felony defined in this chapter (i.e., the Penal Law)”. (See, Penal Law § 70.06 [1] [a].) Felony DWI not being such a felony, inasmuch as it is defined in a separate chapter (the Vehicle and Traffic Law), the second felony offender procedure is, therefore, not available in the sentencing of one convicted of driving while intoxicated. (See, People v Clearwater, 98 AD2d 912; People v Morris, 86 AD2d 763; People v Smith, 58 AD2d 635; People v Tyler, 46 AD2d 997.) To be maintained, defendant’s argument requires that this court read into section 70.10 the same limiting language contained in section 70.06, or at the very least, ignore the omission in section 70.10 of such limiting language as an unintended oversight.
However, it would be presumptuous in the extreme for the County Court of Essex County to proceed to sentencing here on the explicit assumption that the Legislature and executive did not intend the distinction they created when they enacted sections 70.06 and 70.10. Such an assumption would be even more presumptuous given the clear direction provided in this *424 area by the Appellate Division, Third Department, in People v Clearwater (supra).
In that case, second felony sentencing was held to be available where the predicate felony was a DWI, notwithstanding the unavailability of that sentencing when the subject felony was a DWI. The limiting language ("defined in this chapter”) is contained in section 70.06 relative to the subject felony only and not the predicate: the Appellate Division explained, "in our view, the omission was intentional and must be viewed as signifying that the conviction of any felony in this State, including those defined in the Vehicle and Traffic Law, may serve as a 'predicate felony conviction’.” (Supra, at 913.) The identical omission in section 70.10 surely ought to be viewed by this court in an identical manner: section 70.10 does not limit predicate felony offender sentencing from use in the DWI context because such use was indeed intended in the enactment of that statute. (See, People v Tyler, supra.)
Defendant argues that, if not statutorily limited, this court ought to feel itself otherwise constrained from applying the persistent felony offender statute, by the logic that provides that if enhanced DWI sentencing is inappropriate, for whatever reason, in the second felony offender/DWI context, it must be even more inappropriate in the persistent felony offender/DWI context. This logic fails, however, upon closer analysis of the two statutes.
Penal Law §§ 70.06 and 70.10 (and corresponding procedural CPL 400.21 and 400.20 respectively) are most readily distinguishable in their application, with respect to the available area of judicial discretion. Put simply, while there is no discretion contemplated in the sentencing of the second felony offender, the sentencing of a potential persistent felony offender (at least once the statutory prerequisites have been satisfied) allows for almost unfettered discretion on the part of the sentencing Judge. CPL 400.21 requires that the process of determining second felony status, and sentencing once such determination is made, "must” be followed. CPL 400.20 proceeds on a very different basis: authorizing, but not requiring, the persistent felony offender process, and permitting termination of the process at any time by the court "in its discretion”. It seems clear that the statutory framework surrounding the area of enhanced sentencing was intended to provide for narrow scope (e.g., the exclusion of non-Penal Law felonies) with no discretion in the second felony offender context, but very broad scope, tempered by near-total discretion, to limit *425 when necessary the application of the persistent felony offender statute.
The issue remaining, then, is simply whether this court ought to exercise its discretion and refrain from applying the persistent felony offender statute in sentencing this defendant. While it is clear that, if the prerequisites of CPL 400.20 are satisfied, the persistent felony offender statute is applicable here, it is equally clear that enhanced sentencing must be approached with the greatest caution insofar as it is applied to the DWI defendant. A hearing under CPL 400.20 will be held to determine whether enhanced sentencing can, and ought to, be applied. This court enters upon that hearing with full appreciation of its implications, with respect both to this individual defendant and to the precedential implications of the use of the persistent felony offender statute in the area of Vehicle and Traffic Law felonies. However, in the event that the requisites of CPL 400.20 and section 70.10 of the Penal Law are in fact satisfied after hearing, and in the event this defendant’s history and criminal background are proven to warrant it, this court is fully prepared to sentence him as a persistent felony offender. Defendant’s motion is denied; a hearing under CPL 400.20 (2) shall be held herein.