■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. EASTMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the predicate felony offender statute (Penal Law § 70.06) is unconstitutional as applied. He argues that it violates equal protection (US Const 14th Amend; NY Const, art I, § 11) because it permits the imposition of an enhanced sentence where, as here, defendant was convicted of a prior felony as defined outside the Penal Law and thereafter convicted of a felony as defined by the Penal Law, but not if the convictions occurred in the opposite order. We reject that contention *(see, People v Clearwater,* 98 AD2d 912, 913; *see also, Dillard v LaVallee,* 559 F2d 873, *cert denied* 434 US 999). We conclude that the definition of a "predicate felony conviction" (Penal Law § 70.06 [1] [b])

"must be viewed as signifying that the conviction of any felony in this State, including those defined in the Vehicle and Traffic Law, may serve as a 'predicate felony conviction' " *(People v Clearwater, supra,* at 913). Moreover, the enhanced sentence "for second felony offenders is based upon the nature of the second felony, not upon the order of conviction" *(People v Clearwater, supra,* at 913).

We have reviewed defendant's remaining contention and find that it does not require reversal. (Appeal from Judgment of Jefferson County Court, Clary, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.