Neil Alfred HACK, Appellant,

v.

Calvin AUGER, Warden, Iowa State Men's Reformatory, Appellee.

No. 2–57507.

Supreme Court of Iowa.

April 16, 1975.

John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and David Dutton, Black Hawk County Atty., for appellee.

Submitted to REYNOLDSON, Acting C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

LeGRAND, Justice.

This appeal presents the question whether our habitual criminal statute (§ 747.5, The Code) is unconstitutional under the equal protection provision of the 14th Amendment to the Constitution of the United States. We hold it is not, and we affirm the judgment.

Defendant was convicted of the crime of larceny of a motor vehicle in violation of § 321.82, The Code. He had been twice previously convicted of other crimes for which he had served prison terms. Upon conviction for the present offense, he was sentenced under the provisions of § 747.5, which states in relevant part:

"Whoever has been twice convicted of a crime, sentenced, and committed to prison * * * for terms of not less than three years each shall, upon conviction of a felony committed in this state after the taking effect of this section, be deemed to be a habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern."

None of the facts are controverted, but defendant asserts this statute is unconstitutional because it treats unequally those who have committed similar crimes on the sole basis of whether they have previously been committed to prison. He argues this is an arbitrary and capricious classification which denies him equal protection under the 14th Amendment.

■ I. All persons need not be treated alike to meet constitutional standards of equal protection. It is enough if all members of the same *class* are treated equally. Of course, the classification itself must be reasonable. See Keasling v. Thompson, 217 N.W.2d 687, 689, 690 (Iowa 1974).

■ Our habitual criminal law is the typical recidivist statute by which the State undertakes to try increasingly severe punishment on those who have previously failed to respond to more lenient or considerate measures. Cf. State v. Conley, 222 N.W.2d 501, 503 (Iowa 1974). The harsher treatment of those who have already been unsuccessfully subjected to penitentiary commitment, as opposed to those who have not, is a logical and rational development of this state policy. State v. Tillman, Iowa, 228 N.W.2d 38, filed April 16, 1975.

We hold § 747.5 sets up a reasonable classification which is not subject to challenge under the equal protection clause of the 14th Amendment to the Constitution of the United States. Virtually all courts which have considered such statutes have reached the same result. Among them are the following: Wessling v. Bennett, (8th Cir. 1969), 410 F.2d 205, 207, cert. denied, 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 248; State v. Sandoval, 80 N.M. 333, 455 P.2d 837 (1969); State v. Eaton, 199 Kan. 610, 433 P.2d 347, 348 (1967); White v. State, 83 Nev. 292, 429 P.2d 55, 56 (1967); State v. Wilwording, 394 S.W.2d 383, 389 (Mo.1965); Sims v. Cunningham, 203 Va. 347, 124 S.E.2d 221, 225, 226 (1962); Maloney v. Maxwell, 174 Ohio St. 84, 186 N.E.2d 728, 729 (1962); State v. Lei, 59 Wash.2d 1, 365 P.2d 609, 610 (1961); State v. King, 365 Mo. 48, 275 S.W.2d 310, 312 (1955); People v. Johnson, 412 Ill. 109, 105 N.E.2d 766, 767, 768 (1952), cert. denied 344 U.S. 858, 73 S.Ct. 98, 97 L.Ed. 666; Jenness v. State, 144 Me. 40, 64 A.2d 184, 186 (1949); Annot. 139 A.L.R. 673 (1942); McDonald v. Massachusetts, 180 U.S. 311, 312, 21 S.Ct. 389, 45 L.Ed. 542 (1901). See also 39 Am.Jur.2d Habitual Criminals § 5, page 311–313 (1968) and 16A C.J.S. Constitutional Law § 564, page 530 (1956).

II. Since we have elected to decide this case on its merits, we have not considered the State's argument the petitioner waived his right to complain because he did not raise the equal protection issue in the trial court. § 663A.8, The Code; Carstens v. Rans, 210 N.W.2d 663, 665 (Iowa 1973).

However, we call attention to the fact the State may well have waived its own right to make such an argument. The ABA Standards, Post-Conviction Remedies, § 6.1(c), provide as follows:

"Where an applicant raises in a post-conviction proceeding a factual or legal contention which he knew of and which he deliberately and inexcusably (i) failed to raise in the proceeding leading to judgment or conviction, or (ii) having raised the contention in the trial court, failed to pursue the matter on appeal, the court should deny relief on the ground of an abuse of process. *If an application otherwise indicates a claim worthy of further consideration, the application should not be dismissed for abuse of process unless the State has raised the issue in its answer and the applicant has had an opportunity, with the assistance of counsel, to reply.*" (Emphasis added.)

The purpose of this rule is to permit the petitioner to show cause why an issue which should have been raised was not. Perhaps he can justify such failure if given the opportunity to do so. While we have not ruled directly on this waiver-by-the-state question, and do not so now, we have approved the above ABA Standard several times in other contexts. See Horn v. Haugh, 209 N.W.2d 119, 121 (Iowa 1973); State v. Masters, 196 N.W.2d 548, 550 (Iowa 1972).

III. For the reasons stated in Division I the judgment is affirmed.

Affirmed.