STATE of Iowa, Appellee,

v.

**John Leroy KRAMER, Appellant.**

**No. 57642.**

Supreme Court of Iowa.

Nov. 12, 1975.

David W. Leifker, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., and Earl W. Roberts, Asst. Atty. Gen., and E. Michael Carr, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

Defendant was charged by county attorney's information with having committed the crime of robbery with aggravation in violation of § 711.2, The Code, 1973. The information also charged he had been previously convicted of larceny in violation of § 709.1, The Code, and breaking and entering in violation of § 708.8, The Code. The information asked that he be sentenced as an habitual criminal under § 747.1, The Code.

After five days of trial on the robbery charge, defendant withdrew his not guilty plea and entered a plea of guilty. Subsequently, he judicially admitted the two earlier convictions. The trial court sentenced him to serve a term of not more than 27 years in the penitentiary. Defendant appeals and we affirm.

Defendant raises the three following issues:

(1) Error in considering his larceny conviction as a basis for enhanced punishment under § 747.1;

(2) Error in refusing to find § 747.1, The Code, unconstitutional as denying him equal protection of law; and

(3) Error in refusing to find that § 747.1, The Code, violated his "basic constitutional rights."

Defendant's first felony conviction—the larceny charge—was in 1959. He was represented by counsel, sentenced to a term of one year in the county jail and granted probation.

The breaking and entering conviction occurred in 1971. Again he was represented by counsel, pled guilty, and this time he was sentenced to serve not more than 10 years in the penitentiary.

Defendant's plea of guilty to robbery with aggravation brought him within the terms of § 747.1, The Code, for sentencing purposes. That statute is here set out:

"Whenever any person has been twice convicted of either of the crimes of bur-

glary, robbery, forgery, counterfeiting, larceny where the value of the property stolen exceeded twenty dollars, or of breaking and entering, with intent to commit a public offense, any dwelling house, office, shop, store, warehouse, railroad car, boat, vessel, or building, in which goods, merchandise, or valuable things, were kept for use, sale, or deposit, or has been convicted of two or more of said crimes, and shall thereafter be convicted of any one of such crimes, committed after such conviction, he shall be imprisoned in the penitentiary for any term not more than forty years."

■ I. Defendant's first assignment of error challenges the use of his 1959 conviction as a basis for sentencing under the habitual criminal statute. We point out this plea was entered ten years prior to our decision in *State v. Sisco*, 169 N.W.2d 542, 547, 548 (Iowa 1969), which had no retroactive application. The *Sisco* requirements, therefore, are of no help to defendant.

Defendant does not directly attack the validity of his 1959 plea. He merely says it should not be used as a predicate for imposing enhanced punishment under the habitual criminal statute. He mistakenly cites *Brainard v. State*, 222 N.W.2d 711, 715 (Iowa 1974) as support for his position. Defendant claims *Brainard* mandates that the trial judge must ascertain, among other things, that defendant is aware of any enhanced punishment for the offense charged. Defendant reads this to mean defendant must be advised of any enhanced punishment which may result not only from the crime to which a plea is entered, but also from any *subsequent* criminal conviction. This is not what *Brainard* says and, in fact, we have repudiated any such idea in *State v. Watts*, 186 N.W.2d 611, 617 (Iowa 1971).

We hold defendant's 1959 plea to the larceny charge was properly considered by the trial court in imposing sentence.

No issue concerning the validity of the 1971 breaking and entering plea was raised in the trial court. Defendant attempts to challenge it for the first time on appeal. Issues not raised in the trial court, including constitutional questions, may not be raised here for the first time. Any objection to the 1971 conviction is waived. *State v. Ritchison*, 223 N.W.2d 207, 213 (Iowa 1974).

We find no merit in defendant's first assignment of error.

■ II. Defendant also alleges § 747.1, The Code, is unconstitutional because it denies him equal protection under the 14th Amendment. This argument is based on the premise the statute creates a classification which is unreasonable and which bears no rational relationship to the purpose it seeks to accomplish.

■ The gist of defendant's argument is that the legislature has singled out a few crimes which are made the sole basis for imposing additional punishment under § 747.1, while other crimes which are just as serious—and in some instances more so— are not similarly treated. In reviewing this claim we must first decide the standard to be used in determining whether the classification is reasonable. Cases involving fundamental rights or certain suspect classifications impose on the State the duty to show a compelling state interest. *See Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1973). None of these is present here.

■ The test to be used in the case before us is the less strict standard: Is there a rational relationship between the classification made and the legitimate governmental interest sought to be accomplished? See *State v. Hall*, 227 N.W.2d 192, 193–194 (Iowa 1974); *Lunday v. Vogelmann, supra*, 213 N.W.2d at 907.

■ We believe the latter test is the one applicable here. We start with a strong presumption of constitutionality; and all reasonable intendments must be indulged in favor of the statute. He who challenges constitutionality has the heavy burden to negate every reasonable basis upon which

the statute may be sustained. We will not declare a statute constitutionally bad unless it is clearly, palpably and without doubt violative of a constitutional right.

Certainly, the classification adopted by the legislature is subject to differences of opinion. Some of the crimes included might well have been omitted; some omitted might well have been included. Unless patently arbitrary, that is a legislative determination. We cannot say the classification adopted is clearly and palpably unreasonable and bears no rational relationship to the legislative purpose of regulating certain repeated criminal conduct.

Defendant is entitled to no relief on this ground.

 III. Defendant also asserts other constitutional infirmities under the general and broad assertion that the statute violates his basic constitutional rights by placing him in double jeopardy; by subjecting him to cruel and inhuman treatment; and by violating his right to due process.

Defendant concedes the authorities are strongly against him but he says we should renounce them and adopt a contrary rule.

The constitutionality of recidivist statutes has been too often upheld by too many courts, both state and federal, to justify extended discussion of defendant's request. *See Spencer v. Texas*, 385 U.S. 554, 559–560, 87 S.Ct. 648, 651–652, 17 L.Ed.2d 606, 611–612 (1967), *reh. denied* 386 U.S. 969, 87 S.Ct. 1015, 1016, 18 L.Ed.2d 125; *Oyler v. Boles*, 368 U.S. 448, 451, 82 S.Ct. 501, 503, 7 L.Ed.2d 446, 450 (1962); *State v. Wessling*, 260 Iowa 1244, 150 N.W.2d 301, 311 (1967); *State v. Fowler*, 193 Neb. 420, 227 N.W.2d 589, 594 (1975); *People v. Butler*, 46 A.D.2d 422, 362 N.Y.S.2d 658, 660 (1975); *Churchill v. State*, 216 Kan. 399, 532 P.2d 1070, 1071 (1975); *Lis v. State* (Del.Supr.1974), 327 A.2d 746, 748; *State v. Anderson*, 12 Wash. App. 171, 528 P.2d 1003, 1005 (1974); *cf. Hack v. Auger*, 228 N.W.2d 42, 43 (Iowa 1975).

Our statute (§ 747.1) has also withstood constitutional attack in several eighth circuit cases. *See Wessling v. Bennett*, 410 F.2d 205, 207 (8th Cir. 1969), *cert. denied* 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 248 (1969); *Davis v. Bennett*, 400 F.2d 279, 281–283 (8th Cir. 1968), *cert. denied* 395 U.S. 980, 89 S.Ct. 2137, 23 L.Ed.2d 768 (1969). *Cf. Hack v. Auger*, 228 N.W.2d 42, 43 (Iowa 1975).

The judgment of the trial court is affirmed.