**STATE of Tennessee, Appellant,**

v.

**Ben SULLIVAN, Jr., Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 7, 1982.

Permission to Appeal Denied by Supreme Court Dec. 13, 1982.

**430**

David M. Himmelreich, Asst. Atty. Gen., Robert Strong, Asst. Dist. Atty. Gen., Nashville, for appellant.

William Douglas Love, Nashville, for appellee.

## OPINION

DAUGHTREY, Judge.

The State appeals from a ruling of the trial court dismissing a habitual criminal charge against the defendant on the ground that one of the convictions alleged in the recidivist count was, in effect, too remote to demonstrate "habituality." We find nothing in the code to support this ruling, and we therefore reverse the judgment below.

The defendant is currently under indictment for felonious assault and aggravated assault occurring in 1981. A third count of the indictment recited his prior convictions in 1948 (nine burglary charges), 1962 (second degree murder) and 1970 (felonious assault), and alleged that he was a habitual criminal based on these prior convictions. The trial judge dismissed the recidivist charge, saying "as a matter of policy" that "the word 'habitual' ... should include a third offense in which [the] conviction was either within fifteen years [of the date of the current offense] or [the] last day of confinement on that conviction was within fifteen years [of the current offense]."

The determination of who is to be punished as a habitual criminal is obviously a legislative prerogative. The Tennessee legislature has defined habitual criminality in terms of the number and type of prior convictions that a person has received. *See* T.C.A. § 40–2801. Nothing in the definitional section of the statute suggests that the legislature intended to apply a time limitation to the calculation of the qualifying convictions, and we know of no authority granted to the trial court by the legislature to make a "policy" determination such as the one attempted here. We therefore conclude that the trial judge erred in dismissing the third count of the indictment against the defendant.

The judgment of the trial court is reversed, and the case is remanded for further proceedings.

O'BRIEN and TATUM, JJ., concur.