**STATE of Iowa, Plaintiff–Appellee,**

v.

**Dwight William SNYDER, Defendant–Appellant.**

No. 87–977.

Court of Appeals of Iowa.

May 31, 1988.

Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and John Burds, Lona Hansen, and Virginia Barchman, Asst. Attys. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Defendant, Dwight W. Snyder, appeals his conviction of second-degree robbery. He asserts the adjudication of him as a habitual offender, pursuant to Iowa Code section 902.8, constitutes cruel and unusual punishment because it was based on relatively old prior convictions. We affirm.

■ Iowa Code section 902.8 provides for a sentencing procedure by which punishment is enhanced for one who is convicted of his third felony; it does not define a separate crime. *State v. Popes,* 290 N.W. 2d 926, 927 (Iowa 1980). The enhancement is that a habitual offender "shall not be eligible for parole until [he] has served the minimum sentence of confinement of three years." Iowa Code § 902.8.

On May 1, 1987, the trial court found Snyder to be a habitual offender, after he pleaded guilty to second-degree robbery. The court based its determination on Snyder's conviction of arson, on December 15, 1969, and conviction of receiving stolen property, on January 26, 1971. The court therefore imposed the habitual offender enhancement to Snyder's sentence. Snyder contends the previous convictions are so remote in time that to rely on them to justify enhancing his sentence constitutes cruel and unusual punishment.

■ Snyder bears the burden of proving the unconstitutionality of Iowa Code section 902.8, as applied to him. *See State v. Kramer,* 235 N.W.2d 114, 116 (Iowa 1975). He must prove the statute is clearly, palpably, and without doubt violative of his constitutional rights. *Id.* at 117. Generally the offenses which trigger a habitual offender statute and the sentence of confinement given a habitual offender are matters for the discretion of the legislature. *See Rummel v. Estelle,* 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382, 397 (1980).

■ We are not persuaded the absence of a time limit on the use of previous felony convictions in a habitual offender determination constitutes cruel and unusual punishment. Snyder cites no cases to the contrary and we have none. *See Hammers v. State,* 502 N.E.2d 1339, 1345 (Ind.1987) (imposition of five additional years of confinement not cruel and unusual punishment where prior felonies, with one exception, were more than twenty-five years old); *Pace v. State,* 407 So.2d 530, 535 (Miss.1981) (consideration of convictions more than ten years old not cruel and unusual punishment); *see also Long v. State,* 446 So.2d 658, 660 (Ala.Cr.App.1983) (trial court did not err in considering thirteen-year-old convictions); *State v. Sullivan,* 644 S.W.2d 429, 430 (Tenn.Cr.App. 1982) (trial court erred by dismissing recidivist charge based upon convictions over ten years old). We affirm Snyder's conviction and sentence.

AFFIRMED.