IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1999 SESSION

FILED

August 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| ALONZO C. WILLIAMS, | * | C.C.A. # 03C01-9806-CR-00203 |
| Appellant, | * | KNOX COUNTY |
| VS. | * | Hon. Mary Beth Leibowitz, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Alonzo C. Williams, pro se
c/o B.M.C.X.
P.O. Box 2000
Wartburg, TN  37887

For Appellee:

John Knox Walkup
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

Randall E. Nichols
District Attorney General
City-County Building
Knoxville, TN  37902

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Alonzo C. Williams, appeals the trial court's dismissal of his petition for post-conviction relief, his third in the last fourteen years. In this appeal of right, the single issue presented for review is whether the petition was barred by the statute of limitations.

The judgment of the trial court is affirmed.

On November 22, 1983, the petitioner was convicted of two counts of third degree burglary after an alarm led to his discovery in an elevator shaft utilized by both the Southern Railway Salvage Company and the Southern Kitchen Supply Company in Knoxville. Because the petitioner had several prior felony convictions,[1] including at least one offense in South Carolina which was relied upon by the state as one of the three requisite predicate offenses, he was declared a habitual criminal. In consequence, each of the burglary sentences was enhanced to life terms. On direct appeal, the conviction was affirmed. State v. Alonzo Clinton Williams, No. 980 (Tenn. Crim. App., at Knoxville, Nov. 20, 1984).

In 1985, the petitioner filed a petition for post-conviction relief alleging the ineffective assistance of counsel at trial. After a full evidentiary hearing, the trial court denied relief. This court affirmed. Alonzo Williams v. State, No. 1100 (Tenn. Crim. App., at Knoxville, Mar. 4, 1987). Application for permission to appeal was denied. See Alonzo Clinton Williams v. State, No. 1283 (Tenn. Crim. App., at Knoxville, Feb. 27, 1990).

---

[1]The record indicates that four Tennessee convictions were utilized by the state in the habitual criminal proceeding.

A second petition filed in 1988 in which the petitioner challenged the validity of a 1980 guilty plea to larceny in excess of $200 was also denied. <u>Alonzo Clinton Williams v. State</u>, No. 03C01-9110-CR-00331 (Tenn. Crim. App., at Knoxville, Apr. 23, 1992). Application for permission to appeal was denied July 6, 1992. The third petition was filed on April 1, 1998. The trial court dismissed the petition as barred by the statute of limitations.

The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. Effective July 1, 1986, the General Assembly adopted a three-year statute of limitations. Tenn. Code Ann. § 40-30-102 (repealed 1995). In consequence, any petitioner whose judgment had become final before July 1, 1986, had only three years thereafter to file a petition for post-conviction relief. <u>State v. Masucci</u>, 754 S.W.2d 90 (Tenn. Crim. App. 1988).

In 1995, our legislature passed the new Post-Conviction Procedure Act which is applicable to all petitions filed after May 10, 1995. It shortened the statute of limitations to one year:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. ... Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-201(a).

3

Under Tenn. Code Ann. § 40-30-202(b), courts may not consider a petition for post-conviction relief if it is filed outside the one-year statute of limitations unless "(1) [t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial, if retrospective application of that right is required ...; (2) [t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted, or (3) [t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid...."

The issues raised by the petitioner in his third petition pertain to whether he was properly found to be a habitual criminal. He claims that the state improperly relied upon one or more of the South Carolina offenses which were more than ten years old; that he was not represented by effective counsel in one or more of the prior proceedings which resulted in convictions; that he was denied juvenile transfer hearings in 1963 and 1964 convictions; and that he was denied his constitutional right to due process and equal protection.

The trial court dismissed the petition because the grounds raised had been previously determined and because the statute of limitations barred further post-conviction review.

In 1983, when the petitioner was found to be a habitual criminal, the definition was as follows:

> Any person who has either been three (3) times
> convicted within this state of felonies, not less than two

4

> (2) of which are among those specified in §§ 39-2-103,
> 39-605 [repealed], 39-2-111, 39-2-112, 39-2-640, 39-6-
> 417(a)(1)(A), 40-20-112 or were for a crime punishable
> by death under existing law, but for which the death
> penalty was not inflicted, or who has been three (3) times
> convicted under the laws of any other state, government
> or country of crimes, not less than two (2) of which, if
> they had been committed in this state, would have been
> among those specified ... shall be considered, for the
> purposes of this part, and is declared to be an habitual
> criminal, provided that petit larceny shall not be counted
> as one of such three (3) convictions, but is expressly
> excluded; and provided, further that each of such three
> (3) convictions shall be for separate offenses, committed
> at different times, and on separate occasions.

Tenn. Code Ann. § 39-1-801 (1982 Repl.).

Here, the petition is clearly time-barred under both the three-year and one-year statutes of limitations. Furthermore, there are other procedural obstacles which would restrict any review of the merits of the petitioner's claims. See generally, State v. Prince, 781 S.W.2d 846 (Tenn. 1989) (a petitioner must establish the invalidity of the predicate offenses before he can attack a habitual criminal sentence); and House v. State, 911 S.W.2d 705 (Tenn. 1995) (concepts of waiver and previous determination under Tenn. Code Ann. § 40-30-112(a), repealed in 1995, may constitute procedural bars in a post-conviction claim). Finally, there is no time limit on the underlying convictions which would support a determination of habitual criminality. State v. Sullivan, 644 S.W.2d 429 (Tenn. Crim. App. 1982).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

5

CONCUR:


_____
Norma McGee Ogle, Judge


_____
Cornelia A. Clark, Special Judge