# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1997 SESSION

FILED

October 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,                  )
                                     )     NO. 02C01-9612-CC-00453
　　　　Appellee,                     )
                                     )     OBION COUNTY
VS.                                  )
                                     )     HON. WILLIAM B. ACREE, JR.
COLLIS PAUL LANCASTER, JR.,          )     JUDGE
                                     )
　　　　Appellant.                    )     (Aggravated Assault)

FOR THE APPELLANT:

**JOSEPH P. ATNIP (trial and appeal)**
District Public Defender

**JAMES DAVID KENDALL (sentencing)**
Assistant District Public Defender
111 Main Street
P.O. Box 734
Dresden, TN 38225

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**THOMAS A. THOMAS**
District Attorney General

**JAMES T. CANNON**
Assistant District Attorney General
414 S. Fourth
P.O. Box 218
Union City, TN 38261-0218

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Collis Paul Lancaster, Jr., was indicted for the offense of attempt to commit second degree murder. An Obion County jury found him guilty of the lesser offense of aggravated assault. He was sentenced as a Range II, Multiple Offender, to ten (10) years in the Tennessee Department of Correction. On appeal, he presents the following issues for our review: (1) whether the evidence is sufficient to support the verdict of guilt, and (2) whether the trial court erred in refusing to consider a mitigating factor in determining his sentence. After a thorough review of the record, we affirm the judgment of the trial court.

## FACTS

The state's proof at trial showed that on January 15, 1996, defendant and co-defendant, Reginold[1] Weaver, were incarcerated in the Obion County jail. Around mealtime, defendant and B.J. Shaw, another inmate, began fighting over a disagreement concerning Shaw's dinner tray. After the fight, defendant told Shaw that he would be waiting for Shaw when he returned his dinner tray so that they could "finish what [they] had started off."

In an effort to avoid any further altercation with defendant, Shaw asked Michael Cloar to return his dinner tray to the front. Cloar agreed.

Subsequently, defendant and Weaver approached Shaw to determine where Shaw's dinner tray was. Cloar explained that he had taken it to the front of the cell. This angered defendant, and he began hitting Cloar. Somehow, Cloar fell to the floor.[2] Defendant and Weaver then kicked Cloar repeatedly and "stomped" on his head.

---

[1] This spelling is used in the indictment.

[2] The testimony varies as to how Cloar actually fell. Witnesses testified that defendant knocked him down with his [defendant's] feet, that Weaver knocked him down, that Cloar passed out, and that Cloar lost his footing and fell. However, Weaver testified that Cloar fell after Weaver punched him.

Cloar was admitted to the Jackson-Madison County General Hospital. Dr. John Neblett, Cloar's attending physician, diagnosed him with acute subdural hematoma, a basilar skull fracture and a broken jaw. Cloar also sustained two black eyes and scrapes to the back of the head. As a result of the injury to the base of the skull, Cloar also suffered from diminished hearing in his right ear.

Defendant testified at trial. His version of the incident was remarkably similar to that of the state's witnesses. However, he testified that he never intended to hurt Cloar. He stated that he did not "stomp" on Cloar's head, but that Weaver did instead. He also claimed that he and Weaver did not conspire to hurt Cloar.[3]

The jury returned a verdict of guilty of aggravated assault. The trial court imposed the maximum Range II ten (10) year sentence for this Class C felony. The court ordered that the sentence was to be served consecutively to the sentence he was then serving. From the conviction and sentence, defendant brings this appeal.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, defendant challenges the sufficiency of the convicting evidence. Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996).

A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover,

---

[3] Weaver also testified. He claimed that he only hit Cloar because he thought that Cloar would hit him first. He testified that he accidentally jumped on Cloar's head when he was trying to jump over Cloar.

3

a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

## A.

Defendant argues that there is "no credible evidence" that he was responsible for inflicting any of the injuries sustained by the victim since all of Cloar's injuries were confined to his head. He claims that Weaver was solely responsible for "stomping" on Cloar's head, causing serious bodily injury. Therefore, because the state did not prove that he inflicted "serious bodily injury" on the victim, he maintains he is merely guilty of simple assault. See Tenn. Code Ann. §§ 39-13-101(a)(1), 39-13-102(a)(1)(A).

The proof at trial was somewhat conflicting. However, Shaw testified that defendant and Weaver started beating Cloar in the face and stomped him in the head. Another inmate who witnessed the incident testified that defendant was responsible for knocking Cloar to the ground. Although defendant does not find this testimony to be credible, the weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). We find that this evidence is sufficient for a rational trier of fact to conclude that defendant directly participated in inflicting serious bodily injury on the victim.

## B.

Defendant further claims that there is insufficient evidence that he was criminally responsible for the actions of Weaver. An accused is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2). The defendant's criminal intent may be inferred by circumstantial evidence surrounding the offense.

4

State v. McBee, 644 S.W.2d 429, 428-29 (Tenn. Crim. App. 1982).

In addition to finding sufficient evidence of defendant's direct participation in the aggravated assault, we also find that there is sufficient evidence that defendant aided Weaver in the commission of this offense. Defendant admitted that he started the altercation with Cloar. He testified that he continued to kick Cloar's body while Cloar was on the ground. Simultaneously, Weaver jumped on Cloar's head. Defendant and Weaver acted in concert to inflict serious bodily injury on the victim. This issue has no merit.

## SENTENCING

Defendant contends that the trial court did not credit an appropriate mitigating factor in determining his sentence. He asserts that the trial court should have considered that he played a minor role in the commission of the offense. Tenn. Code Ann. § 40-35-113(4). Therefore, he claims that his sentence should be reduced accordingly.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

In determining defendant's sentence, the trial court considered five

enhancement factors and no mitigating factors. In rejecting the defendant's proffered mitigating factor that he played a minor role in the commission of the offense, the court found that "he played a very major role. In fact, of the culpability of the two defendants, he played a greater role and I think should have a greater responsibility."

We agree with the learned trial judge that there is no support in the record for the application of this mitigating factor. Defendant admitted at trial that he was the instigator of the altercation. He was an active participant in the assault on this victim. The trial court properly refused to consider this mitigating factor. This issue is without merit.

## CONCLUSION

There is sufficient evidence in the record to support a finding that defendant directly participated in the aggravated assault and that defendant was criminally responsible for the actions of Weaver. Furthermore, the trial court did not err in its sentencing determinations. Accordingly, the judgment of the trial court is affirmed.

_____

**JOE G. RILEY, JUDGE**

6

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**DAVID H. WELLES, JUDGE**