**IN THE COURT OF APPEALS OF IOWA**

No. 21-0655
Filed June 29, 2022


**SHIRO EDWARD REMELIIK,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____


　　　Appeal from the Iowa District Court for Marshall County, Amy M. Moore,

Judge.


　　　An applicant appeals from the dismissal of his application for postconviction

relief. **AFFIRMED.**


　　　Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Ankeny, for appellant.

　　　Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


　　　Considered by May, P.J., Chicchelly, J., and Gamble, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**CHICCHELLY, Judge.**

Shiro Edward Remeliik appeals from the dismissal of his application for postconviction relief (PCR). He alleges the untimeliness of his application is overcome by a new ground of law and that his PCR counsel provided ineffective assistance. Upon our review, we affirm.

## I. *Background Facts and Proceedings.*

In September 2011, Remeliik pleaded guilty to three counts of assault, each an aggravated misdemeanor. The court sentenced him to a term of probation, which was revoked in January 2013 after Remeliik pleaded guilty to vehicular homicide. The court imposed a term of incarceration not to exceed twenty-five years. Remeliik did not appeal.

In July 2018, Remeliik filed a pro se PCR application. The application only indicated relation to the vehicular homicide conviction, though it did not cite any specific case number, and alleged ineffective assistance of trial counsel on a variety of grounds. The court promptly appointed counsel to Remeliik.

After a series of continuances, the State filed its answer and motion to dismiss in April 2021. The motion argued Remeliik's petition must be dismissed because it was filed more than three years after his conviction—therefore, in violation of the time limit set by Iowa Code section 822.3 (2018)—and Remeliik failed to provide any information to overcome the tardiness. On May 5, the day before trial, Remeliik's counsel filed an amended PCR petition, as well as a resistance to the State's motion to dismiss. The amended petition alleged that Remeliik's trial counsel was ineffective based upon wholly different grounds than those originally raised by Remeliik—largely related to appropriate immigration

advice in both the assault and vehicular homicide matters. The resistance to dismissal argued that the Iowa Supreme Court's decision in *Morales Diaz v. State*, 896 N.W.2d 723 (Iowa 2017), satisfied the new-ground-of-law exception to the time bar in Iowa Code section 822.3. This contention was aimed squarely at saving the immigration issues raised in the amended petition, as the *Morales Diaz* decision would not affect the other arguments laid out in either the pro se or amended PCR application.

At trial, Remeliik's counsel explained that while he had drafted the amended petition more than a year prior to trial, he erroneously failed to ensure its timely filing. Remeliik's counsel furthermore requested a continuance in order to allow the State additional time to address the issues raised in the amended petition. The district court denied a continuance and declined to permit the amended petition, finding that it substantially changed the issues and presented an entirely new case. The court also found that even if it were to allow the amended petition, the issues would be time-barred because the *Morales Diaz* decision does not qualify as a new-ground-of-law exception. No other evidence was presented in support of an exception to the statutory time bar. Therefore, the district court dismissed Remeliik's PCR application. Remeliik filed a timely notice of appeal.

## II. Review.

We review PCR proceedings for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). "However, when an applicant claims ineffective assistance of postconviction counsel, our review is de novo." *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

### III. Discussion.

#### A. Exception to Three-Year Bar.

Remeliik argues the district court erred when it determined that the *Morales Diaz* decision does not qualify as a new-ground-of-law exception to the statutory time bar. Iowa Code section 822.3 provides, in relevant part, that an application for postconviction relief must be filed within three years from the date of conviction except when a ground of fact or law could not have been raised within the applicable time period. "In other words, the exception applies to situations in which there 'would be no opportunity to test the validity of the conviction in relation to [the ground of fact or law that allegedly could not have been raised within the time period].'" *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (alteration in original) (citation omitted). In *Morales Diaz*, the court determined that counsel "has an obligation to inform his or her client of *all* the adverse immigration consequences that competent counsel would uncover." 896 N.W.2d at 732 (emphasis added). For purposes of analysis, we can assume without deciding that this pronouncement did constitute a new ground of law for purposes of section 822.3, but it still would not excuse Remeliik's tardy filing because the ground was not retroactive. *See Garcia v. State*, No. 18-2021, 2019 WL 5063328, at *4 (Iowa Ct. App. Oct. 9, 2019) (May, J., specially concurring).

Previously, the standard for immigration advice required of criminal defense counsel was governed by *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). The United States Supreme Court in *Chaidez v. United States*, 568 U.S. 342, 358 (2013), found its *Padilla* decision announced a new ground of law that could not be applied retroactively. Like the Court in *Chaidez*, we apply the analysis outlined

in *Teague v. Lange*, 489 U.S. 288, 310 (1989), to determine the retroactivity of criminal-procedure decisions. *See Chaidez*, 568 U.S. at 347; *Brewer v. State*, 444 N.W.2d 77, 81 (Iowa 1989) (adopting *Teague*'s holding that "new constitutional rules of criminal procedure generally should not be applied retroactively to cases on collateral review"). "*Teague* makes the retroactivity of . . . criminal procedure decisions turn on whether they are novel." *Chaidez*, 568 U.S. at 347. "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (quoting *Teague*, 489 U.S. at 301).

In 2017, the Iowa Supreme Court made an arguably novel finding that the constitutional right to effective assistance of counsel extends beyond advising on deportation and beyond the vague warning of "adverse immigration consequences" to address all such consequences, including "removal, exclusion, bars to relief from removal, immigration detention, denial of citizenship, and adverse consequences to the client's immediate family." *Morales Diaz*, 896 N.W.2d at 732. Prior cases in Iowa and around the nation demonstrate this result was not "dictated" by the *Padilla* precedent nor "apparent to all reasonable jurists." *See Chaidez*, 568 U.S. at 347; *Rosario v. State*, 165 So. 3d 672, 673 (Fla. Dist. Ct. App. 2015) (per curiam) (finding *Padilla* did not create an affirmative duty to provide advice about immigration ramifications beyond the risk of deportation); *Garcia v. State*, 425 S.W.3d 248, 260 (Tenn. 2013) (finding *Padilla* does not require advice on "future eligibility to immigrate legally to the United States"); *Lopez-Penaloza v. State*, 804 N.W.2d 537, 546 (Iowa Ct. App. 2011) (finding *Padilla* imposed a limited duty on defense counsel to advise of "a risk of adverse

immigration consequences"). Therefore, we find that even if the *Morales Diaz* decision established a new ground of law, it should not be applied retroactively to the time of Remeliik's conviction.

Remeliik argues that failure to apply the *Morales Diaz* decision retroactively would violate his constitutional right to equal protection. Equal protection requires nondiscriminatory application of the law among similarly-situated persons. *See, e.g.*, *In re Morrow*, 616 N.W.2d 544, 548 (Iowa 2000). Remeliik does not satisfy the similarly-situated threshold because he does not explain why persons like him whose cases have become final are similarly situated to those whose cases are still pending on direct review or not yet final when a new ground of common law is announced. *See Thongvanh v. State*, 938 N.W.2d 2, 15 (Iowa 2020) (finding equal protection guarantee did not require retroactive application of new rule of criminal procedure to convictions that were already final at the time of the rule's pronouncement). Therefore, we reject Remeliik's equal protection argument. *See Morrow*, 616 N.W.2d at 548 ("If people are not similarly situated, their dissimilar treatment does not violate equal protection."). Because Remeliik filed for PCR more than three years after conviction and fails to establish a new ground of law with retroactive effect, we affirm the district court's dismissal of his PCR application.

### B. Ineffective Assistance of Postconviction Counsel.

Remeliik argues his PCR counsel was ineffective for failing to raise the issue of immigration advice until the day before trial. The State argues error was not preserved on this claim. We disagree because "the ineffectiveness of [PCR] counsel constitutes 'sufficient cause' under section [822.8] to excuse an applicant's

failure to adequately raise an issue in prior proceedings." *Dunbar v. State*, 515 N.W.2d 12, 14–15 (Iowa 1994). However, "[t]o prevail on an ineffective assistance of counsel claim, the claimant must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (citation omitted) (describing the test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Because the immigration issues were time-barred even from the point of Remeliik's initial pro se filing, no prejudice resulted. *See id.* (finding that to establish the prejudice required of the second prong, "the claimant must prove by a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different" (citation omitted)). Finding no prejudice, we conclude Remeliik's PCR counsel did not provide ineffective assistance. *See id.* ("A defendant's inability to prove either element is fatal." (citation omitted)).

### *IV. Disposition.*

Because Remeliik fails to establish an exception to the statutory time bar or ineffective assistance of PCR counsel, the district court properly dismissed his PCR application.

**AFFIRMED.**