# IN THE COURT OF APPEALS OF IOWA

No. 24-1324
Filed November 13, 2025

**RICHARD JOHN SIEMER JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Eric J. Nelson, Judge.

An applicant appeals the summary dismissal of his second application for postconviction relief. **AFFIRMED.**

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Richard Siemer appeals from the summary dismissal of his second application for postconviction relief (PCR). He asserts that a genuine issue of material fact exists as to whether phone records constitute a new ground of fact that could not have been raised within three years of his conviction; the statute of limitations should be tolled by the relation-back doctrine established in *Allison v. State*, 914 N.W.2d 866 (Iowa 2018); and the 2019 amendment to Iowa Code section 822.3 violates both the equal protection clause and the due process clause of the federal and Iowa constitutions.

I.      **Background Facts and Proceedings**

Siemer was charged by trial information with six counts of sexual abuse in the third degree, second offense, class "A" felonies. On November 5, 2020, pursuant to a plea agreement, he pled guilty to and was convicted of one count of sexual abuse in the third degree and an amended charge of sexual abuse in the second degree. The remaining charges were dismissed as part of the plea agreement, and the United States Attorney for the Southern District of Iowa also dismissed pending federal charges against Siemer.

The district court sentenced Siemer in accordance with the plea agreement to ten years of incarceration for the third-degree sexual abuse conviction and twenty-five years of incarceration for the second-degree sexual abuse conviction. The sentences were run concurrently. Siemer was required to serve seventy percent of his sentence for the second-degree sexual abuse conviction before parole eligibility.

Siemer did not file a direct appeal from the convictions, but rather, in August 2021, he filed a PCR application. He moved to dismiss his application on September 21, 2023. The district court dismissed the application the next day. In November 2023, Siemer moved to reinstate his PCR application; the district court denied his motion. Siemer appealed the court's order declining to reinstate his application. Our supreme court dismissed his appeal on May 31, 2024.

In the interim, on May 21, 2024, Siemer filed a second PCR application. The State moved for summary disposition, asserting this second application was filed beyond the three-year statute of limitations. The district court granted the State's motion and summarily dismissed Siemer's second PCR application. Siemer appeals.

## II. Standard of Review

This court generally reviews an appeal from a denial of PCR application for correction of errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). "Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). We will affirm if the district court's "findings of fact are supported by substantial evidence and the law was correctly applied." *Id*. at 520. This court reviews constitutional claims de novo. *In re Detention of Morrow*, 616 N.W.2d 544, 547 (Iowa 2000).

## III. Analysis

### A. New Ground of Fact

Siemer acknowledges that his PCR application was filed outside the three-year period of limitations set forth in Iowa Code section 822.3 (2024). But he

alleges that his application fits within an exception, specifically that the limitation period does not apply to a ground of fact or law that could not have been raised within the applicable period. *See* Iowa Code § 822.3. Siemer asserts that recently obtained phone records prove "that his accuser could not have been assaulted at the date and time she reported to the police because she was not at his house."

But the State produced evidence that Siemer's trial counsel provided phone records to the State in preparation for Siemer's criminal trial. And even if those are not the exact records Siemer now claims equate to a new ground of fact that could not have been raised within the three-year period, he has failed to demonstrate that his counsel could not have obtained the additional phone records in question at the time of the underlying criminal proceedings. We determine that Siemer has failed to demonstrate the existence of a fact or law that could not have been raised within the applicable period.

B. Relation-Back Doctrine

Siemer also raises an *Allison v. State* relation-back doctrine claim. *See* 914 N.W.2d at 891. But *Allison* was abrogated by the 2019 amendment to section 822.3, as our court has repeatedly noted. *See, e.g.*, *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (collecting cases); *accord Goode v. State*, No. 20-0282, 2021 WL 4889249, at *4 (Iowa Ct. App. Oct. 20, 2021). The amended version of section 822.3 was in effect when Siemer filed his second PCR action. As his second PCR action fell outside the three-year statute of limitations in section 822.3, this claim fails. *Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. 2022).

C.  Equal Protection Clause and Due Process Clause

i. Equal Protection

Siemer alleges that Iowa Code chapter 822 violates the equal protection clause.  The United States and Iowa Constitutions guarantee the equal protection of the law to all persons.  *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. The equal protection clause essentially requires that similarly situated persons be treated alike.  If people are not similarly situated, their dissimilar treatment does not violate equal protection.  "To meet constitutional standards, it is sufficient if all members of the same class [are] treated the same."  *Morrow*, 616 N.W.2d at 548.

Siemer asserts that as an applicant "whose first PCR appeal [was] not resolved within three years of the final judgment in the criminal case," he is similarly situated to other second-or-later PCR applicants whose applications are timely filed but are treated differently.

The first step in any equal protection analysis "is to determine whether the challenged law makes a distinction between similarly situated individuals with respect to the purposes of the law."  *State v. Treptow*, 960 N.W.2d 98, 104 (Iowa 2021).  If Siemer cannot show that he is similarly situated, we do not consider further whether different treatment is permitted.  *See id*.

We conclude that Siemer's equal protection claim fails on the first element. Because he dismissed his application, Siemer is not similarly situated to a PCR applicant whose appeal was not resolved within the three-year period.  And because the relation back doctrine set forth in *Allison* has been abrogated, Siemer is not treated differently than other applicants who filed an untimely application.

Siemer has failed to demonstrate that "the challenged law makes a distinction between similarly situated individuals with respect to the purposes of the law." *Id.*

ii. Due Process

Siemer also argues that the amended statute violates his due process rights because it limits his ability to be heard. Siemer's due process claim also fails, as he does not have a due process right to advance stale claims. *Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989). The three-year limitation period of section 822.3 afforded Siemer "a reasonable opportunity to be heard, thus ensuring his federal and state due process rights." *Id*. at 711. Accordingly, we reject this challenge.

**IV.    Conclusion**

Upon our review, we affirm the summary dismissal of Siemer's second application for postconviction relief.

**AFFIRMED.**